Judge Simpson
delivered the opinion of the Court.
As the same questions are involved in both of these cases, and as the validity of the defense presented in both, has to be examined in each case, we will proceed to consider and decide such questions as arise upon the record in either case.
The defense relied upon by Wight, that the subscription of stock made by him, was left with one of the commissioners in the nature of an escrow, is wholly invalid. The commissioners were the persons appointed by the charter to receive and accept subscriptions of stock. A subscription received by them, even if sueh a writing could, under any circumstances, be made to assume the nature and attributes of an escrow, could not take that character, inasmuch as when it was received by them, it became just as obligatory on the party making it, as a promissory note would be upon the maker who left it with the payee, or his agent. The well settled doctrine is that to make a writing an escrow merely, it must be placed in the hands of a third person by the party making it, to be delivered to the other party, on the happening of a specified contingency. Here the subscribers were the parties on one side, and the commissioners on the other. A subscription when made and received by the commissioners, could not therefore, be a mere escrow,but became in law an ab *6 solute undertaking for the payment of the stock subscribed according to the provisions of the charter.
S. Subscribers for railroad stock must be presumed to know the provisions of the charter under which the subscription is taken.
So far as the defendants or either of them alleged that their subscription was conditional, and was not to be obligatory upon them, unless the road was located on a certain route, it is only necessary to remark, that the contract being in writing, parol proof is inadmissible, to alter its terms or to show, that instead of being absolute as it purports to be, it was in reality conditional. The subscribers might have annexed a condition to the terms of their subscriptions, if they had thought proper to do so, and it would then have been with the commissioners to determine whether such conditional subscriptions of stock would be received; but not having done so, they cannot, according to' the well established doctrine on the subject, allege or prove that the contract was different from that which is evidenced by the writing, unless they can establish fraud or mistake in its execution.
If any representations made by the commissioners in reference to the locality of the road, could have the effect to render the subscriptions invalid, which we do not deem it necessary to decide, we are satisfied that no such state of case is presented in any of the answers as would authorize such a result. The duties and powers of the commissioners were prescribed by the charter. They had no power to locate the road, but its location depended upon the will of the President and Directors, when the company was organized. The subscribers must be presumed to have known the provisions of the charter, and knowing them, they could nothave been deceived or mislead by any representations made to them on this subject by the commissioners. They do not allege that they were ignorant of the provisions of the charter, or even that they believed that the commissioners had power to locate the road, or that the commissioners represented to them that they had any such power, so that they fail to show that they could *7 have been deceived or mislead, with respect to this matter, by the commissioners. If they knew upon whom the power to locate the road devolved under the charter — and they must, as before remarked, be presumed to have known it, especially as they have not denied that they had such knowledge — tbeymust have regarded any statements or representations, made by the commissioners on the subject, as a mere expression of their opinion about the matter, entitled to the same weight, and no more, that the opinion of any other individual was entitled to, and they could not have been deceived or imposed upon by it. Indeed, they no where allege that they relied upon the representations made to them by the commissioners, believing that they knew where the road would be located, or had any power whatever over its location. And as the act of incorporation is referred to in the subscription itself, and made a part thereof, it may well be doubted whether the subscribers would be permitted to deny a knowledge oí its contents.
Whether the company was properly organized or not, according to its charter, is.a question that cannot be made collaterally, but can only be made by a direct proceeding against the corporation. 5 Litt., 45; 9 B. Monroe, 71.
As the stock subscribed by the defendant, Allen, is recognized by the plaintiffs as valid stock, and sued for as such, he has all the rights and privileges of a stockholder, and cannot invalidate his subscription by alleging that the stock had never been received by the commissioners, inasmuch as that allegation is contradicted, and disproved by the record.
The failure to pay the sum of one dollar on each share of stock subscribed, cannot certainly be relied upon by the subscribers as exonerating them from their liability for their subscriptions. It was their duty to pay it at the time the stock was subscribed, but they should not be allowed to take advantage of their'own wrong, and release themselves from their *8 whole obligation by a failure to perform a part of it. Even if the commissioners might have refused to receive the stock unless the payment had been made, yet as they did not do it, the contract was, after the stock had been received without the payment, bmd*n8' upon- both sides.
T. W. Brown and W. D. Reed for appellants; Throop, Bullock and Lindsey for appellee.
The decision of the Court in the case of the Union Turnpike vs. Jenkins, 1 Caine’s Reports, sustains the views expressed in this opinion — and it is only the opinion of the dissenting Judge that is cited in Ángel and Ames on Corporations, and referred to by the counsel for the appellants.
The decisions of the Massachusetts courts, on some of the questions involved in these cases, have not been followed by this Court.
In our opinion none of the defenses presented by either of the appellants was a sufficient answer to the plaintiff’s action.
Wherefore, the judgment in both cases is affirmed.