Miller's heirs vs. Antle.

CASE 86—PETITION EQUITY—NOVEMBER 22.

## Miller's heirs vs. Antle.

2b 407
97 350

2bu 407
120 150

2bu 407
128 649

2bu 407
138 692

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. The purchaser of a tract of land, at a commissioner's sale, agreed with the owner of the land, before the sale, that he would buy it, and that, if the owner would pay his proportion of the price within a specified time, he should retain a specified quantity of the land. The purchaser held the title thus acquired in trust, and was bound to convey, upon payment as agreed, to the original owner, in pursuance of the agreement.

2. Receipts for money "*for land*," shown to be the land in contest, fortified by the admissions of the personal representatives, constitute a sufficient written memorial of all the statute requires to be in writing.

BARRET & ROBERTS,                    For Appellants,

CITED—

1 *Stant. Rev. Stat.*, 264–5, *and sec.* 20, *p.* 230.

4 *Bibb*, 102; *Parker's heirs vs. Bodley.*

9 *B. Mon.*, 452; *Griffin and wife vs. Coffey.*

16 *B. Mon.*, 14; *Martin vs. Martin.*

2 *Duvall*, 565; *Aynesworth vs. Haldeman.*

1 *Marshall*, 208.

4 *Monroe*, 588.

3 *Dana*, 540.

9 *Dana*, 111.

4 *Bibb*, 466; *Ellis vs. Deadman's heirs.*

JAMES S. PIRTLE,                                    For Appellee,

CITED—

9 *B. Mon.*, 452; *Griffin vs. Coffey, &c.*

16 *B. Mon.*, 8; *Martin vs. Martin.*

2 *Metcalfe*, 553; *Berry vs. Graddy.*

34 *N. Y.*, 307; *Ryan, &c., vs. Cox.*

1 *Paige*, 147; *Brown vs. Lynch.*

8 *S. & R.*, 492; *Peebles vs. Reading.*

5 *Rich. S. C. Eqty.*, 365; *Cox vs. Cox.*

19 *Ark.*, 49; *Trapnall vs. Brown.*

4 *Dess.*, 114; *Keith vs. Purvis.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

Under a decretal sale Miller bought, for about half of its value, Antle's land of two hundred and seventeen and one half acres, in fulfillment of a promise to keep one hundred acres at the price bid, and to concede to Antle the residual one hundred and seventeen and one half acres on his payment, within three years, of the proportionate consideration, the last installment of which was payable by Miller at the end of three years. With Miller's presumed knowledge, and through his probable instrumentality, this understanding was published before the bidding, and prevented competition.

Another and only other creditor of Antle, for about eleven hundred dollars, offering more than the price at which Miller had thus bought, was about to open the biddings for his own benefit and that of Antle, which Miller prevented by paying that debt and adding the amount of it to the consideration, and thus increasing the *pro rata* to be contributed by Antle for his one hun-

dred and seventeen and one half acres. Miller occupied his one hundred acres, and Antle resided on and used *his* one hundred and seventeen and one half acres. Miller died before the expiration of the credit, and had, during his life, received of Antle about fourteen hundred dollars, and had given receipts for so much "*paid for land.*"

The commissioner of sale having conveyed the legal title to Miller, Antle, a few days before the last installment was demandable, filed a petition in equity, offering full payment of his conventional share of the consideration, and seeking a conveyance from Miller's heirs of the one hundred and seventeen and one half acres of land. The answer of the administrators, admitting the foregoing facts, with the qualification only of their own allegation that Antle agreed to pay his portion at different times, as the installments became due, and had failed to do so, pleaded the statute of frauds and perjury. The answer of the infant heirs expresses ignorance and admits nothing.

The chancellor having granted the relief sought by the petition, the appellants insist that the alleged contract was a "*sale*" of land by Miller to Antle, which cannot be enforced, as there was no written memorial of it.

The facts, as alleged and admitted, do not constitute a *sale* by Antle to Miller, or by Miller to Antle, of Antle's land; but altogether, when stamped by Miller's prevention of a sale for a higher price, they constitute an *implied* trust, to which the statute does not apply, and could not be applied without perversion to the encouragement of fraud, instead of the true design of preventing fraud.

But if the statute apply to this case, the receipts for money "*for land,*" *shown to be the land in contest*, fortified by the admissions by the personal representatives of the knowledge and personal duties of Miller, constitute a

sufficient written memorial of all that the statute requires to be in writing; and, even as to the heirs, supplies all that their infancy and consequent ignorance of the material facts prevented them from expressly admitting concurrently with the administrators.

Wherefore, the judgment of the chancellor is affirmed.