JUDGE HARDIN
delivered the opinion op the codrt:
W. L. Weller, as the administrator of Henry F. Cooper, deceased, brought a suit in equity against James Green, for the recovery of two thousand two hundred dollars, with interest from the first day of March, 1866, and for its payment to enforce the vendor’s lien on two parcels of land which said Cooper had sold, and by one deed conveyed to Green one of said tracts, being described as containing one hundred acres, and the other as ten acres; and under a judgment in that suit the land was sold by a commissioner, and purchased by Garret Mitchell, to whom it was afterwards conveyed.
Mitchell subsequently sold and conveyed the land to W. F. Ball, who brought this suit against Green, who had remained in possession, to evict him.
The defendant presented his defense in an answer containing two paragraphs; in the first of which the regularity of the sale and conveyance of the tract of ten acres of the land was questioned, as well as the judgment of *589 sale itself, on tbe ground tbat the sales of the two tracts, although they were conveyed by one deed, were separate transactions, and that no lien was reserved or existed on the tract of ten acres for the debt of two thousand two hundred dollars, which was for part of the price of the tract of one hundred acres only; and by an amended answer, subsequently filed, the defendant further alleged, that the judgment did not, in fact, direct a sale of the ten acre tract, but only subjected the other tract to sale, and that the sale and conveyance of the ten acres was unauthorized. And the defendant, in the second paragraph of his answer, and also in the amended answer, set up, as á defense to the entire action, that the purchase of Mitchell'was made under and in pursuance of an express contract between him and the defendant; that Mitchell would bid for and become the purchaser of the land for the "debt of Cooper’s administrator, and take on himself the responsibility of paying it for the defendant, in order to avoid a sacrifice of the land; and that all legal and equitable rights which he might acquire as a purchaser, should operate as a mortgage to secure to Mitchell the repayment of whatever sums he might have to pay on his purchase; and that the defendant might redeem the land by paying the sale bonds of Mitchell, or by refunding the amount he might pay thereon, with interest, and thus avoid the sale, or become entitled to a reconveyance of the land. The answer further alleged that the defendant had paid four hundred dollars in part satisfaction of one of the sale bonds given by Mitchell in compliance with said agreement, and that he was willing to pay the balance, or submit to a sale of the land to pay it, in compliance' with his contract.
The answer. further alleged that the land was worth twice the sum at which Mitchell bought it, and that *590 Mitchell, in violation of his agreement, had fraudulently-procured an absolute deed for the land, and attempted likewise fraudulently to sell and convey the land to the plaintiff, Ball,-who purchased from Mitchell, with notice of the rights of the defendant under said contract, and of the fraudulent purpose of Mitchell in making the sale.
The defendant sought to make his answer a cross-petition against Mitchell and the administrator of Cooper, and to have the canse transferred to the equity side of the court, and to be allowed to redeem the land.
The court refused to permit the additional parties to be made, or to transfer the cause to the equity docket, and sustained a demurrer of the plaintiff to the answer and amended answer, and rendered a judgment for the recovery of the land. This appeal seeks a reversal of that judgment.
On the questions separately raised respecting■ the validity of the sale and conveyance of the smaller tract or parcel of the land, it is deemed unnecessary to say more, than that if the judgment or final orders in the suit of Cooper's adm'r vs. Green, which are not copied in the transcript before us, were erroneous, they could not, according to numerous decisions of this court, be assailed collaterally in this action.
But the main question to be determined is, whether the entire answer, as amended, presented a sufficient equitable defense to the plaintiff’s action for the recovery of the land. On several grounds it is insisted for the appellee that the court properly sustained the demurrer to the answer.
1. The agreement between Mitchell and the appellant not being alleged to have been in writing, it is contended that it could not be set up and enforced for the appellant’s relief, because, by the first section of chapter 22 *591 of the Revised Statutes, the right of action is prohibited on contracts existing in parol “ for the sale of real estate.”
If we were required to construe the statute, unaided by any previous decision of this court, we should not be inclined to regard its provisions as applicable to this case, as the alleged parol agreement does not reasonably import a sale of the land by Mitbhell to the appellant, but simply a contract devolving a trust on Mitchell, which the appellant might enforce in equity, if not fraudulent on his part, or within the interdiction of some law other than the statute of frauds. But that such a contract is not within the operation of the statute may be regarded as settled by repeated decisions of this court. (Langhome vs. Payne, 14 B. Mon., 624; Martin vs. Martin, 16 B. Mon., 8; Miller’s heirs vs. Antle, 2 Bush, 407.)
2. It is contended that the agreement with Mitchell, and his purchase under it, were fraudulent as to the creditors of the appellant; and that, consequently, equity will not interpose to relieve him. Conceding the correctness of the principle relied on, it does not appear to us that, by the facts alleged in the defense in this case, any such purpose or intent on the part of the appellant is disclosed, as to admit of the application of that principle in this case.
3. The decision of the circuit court is defended -as correct, because, as is insisted, the allegations of the answer, if true, are not sufficient to change the legal import of the deed to Mitchell from that of an absolute conveyance to that of a mortgage; and especially so, as in this case the defendant seeks to avail himself of the equity asserted by him to defeat the claim of Ball, who was not a party to the agreement between the appellant and Mitchell.
*592 The averments of the answer in this case, which, by the demurrer, are confessed as true, leave no room for speculation as to the precise nature of the transaction between the appellant and Mitchell. Viewed in its aspect most favorable to Mitchell, it was an arrangement to vest the title in him ostensibly as an absolute purchaser, but upon an express contract that it should only operate as a mortgage to secure the repayment of so much of the purchase money as Mitchell might have to pay; and the answer not only alleges that Mitchell fraudulently violated said contract, and the trust it imposed upon him, in selling and conveying the land to Ball, but that the latter was cognizant of these facts, and therefore affected with notice of the equity of the appellant when he purchased the land from Mitchell.
Conceding the general principle that, in the absence of fraud or mistake, a deed which is, in its terms, an absolute conveyance, cannot be shown by parol evidence to have been intended as a mortgage; yet where, as in this case, an express contract is set up that the purchaser’s rights should be only those of a moi'tgagee, and that he fraudulently violated that contract and the trust it imposed upon him, by obtaining an absolute deed to himself, and selling the land to a third person for his own benefit, the facts are, in our opinion, sufficient to take the case out of the operation of the general rule adverted to, and to authorize a court of equity to enforce the contract as originally understood and intended by the parties. (Thomas vs. McCormack, 9 Dana, 108.)
It seems to us that the court erred in refusing to permit the appellant to bring Mitchell and Cooper’s administrator before the court, and in overruling the motion to transfer the case to the equity docket, and also in sus *593 taining the demurrer to the answer, and adjudging a recovery of the land.
Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.