CHIEF .JUSTICE ROBERTSON
delivered the opinion oe the court.
As her husband, whom the appellee succeeded, did not enter under the appellants, but, while in possession, agreed with them to occupy and take care of the land for six years, with the “ understanding ” that he might secure their title by purchase when he should become able, he was not their tenant in the sense of the statute providing the summary remedy of forcible entry and detainer against a tenant holding beyond his term. The prospective acquisition of their title may have been, and probably was, the consideration for the agreement to continue to occupy the land for six years; and retaining possession beyond that term, waiting to buy, as the appellee seems to have been anxious and able to do, would not have been a wrongful detainer by a mere tenant, according to the spirit of the statute. The husband therefore may have said truly that he was not holding only as the mere tenant of the appellants; and this would not have been a renunciation of the allegiance of an unqualified tenant to a technical landlord. But if the appellee, as his successor, should be treated as a tenant subject to eviction by warrant of forcible detainer, the alleged renunciation claimed as enough to dispense with notice to quit had occurred more than two years before the date of the warrant, and therefore that remedy was barred; and the appellee’s mere refusal to rent, as proved by Rankin, and her pleadings and declarations in court, do not prove that she had disclaimed as tenant within two years; and even if she should be treated as a tenant in the purpose of the statute, she was entitled to six months’ notice to quit. And we do not consider the notice in this case to quit a month before the expiration of the term sufficient to authorize her eviction. The term ended on the first of April: she was therefore not bound to quit on the first of March. And a special notice to quit on the first of March was not equivalent to a general notice to quit, which would have implied a demand of restitution at the *257 end of tbe term, or to a special notice to quit at that time; for a notice that the appellants would be ready to receive the possession on the first of March, and would expect it then, was no certain notification that they would be ready on the first of April, and would then expect it. The appellee was therefore not certainly notified that she must surrender on the first of April.
According to the foregoing view of this case, there was no error in giving or refusing instructions of which the appellants can availably complain; and the judgment against the appellants on their traverse to the circuit court of the inquisition on the warrant of forcible detainer seems to be right, and is therefore affirmed.