CASE 55—PETITION EQUITY—APRIL 26.

# Vanbever v. Vanbever.

APPEAL FROM BELL CIRCUIT COURT.

1. PURCHASE AT TAX SALE FOR BENEFIT OF INFANTS.—Where the land of infant heirs was sold to satisfy a claim for taxes, and purchased by an uncle of the infants for the amount of the claim, pursuant to an agreement made by him with his brother before the sale that he would bid in the land for the infants, the children of the deceased brother, and it was publicly announced at the sale that his bid was for the benefit of the children. and others were thus deterred from bidding, these facts are sufficient to create a trust in favor of the infants, and they are entitled to have the land reconveyed to them by the purchaser, and to recover the reasonable value of the use of the land since he has had possession.

2. SAME—LIMITATION.—The plea of the statute of limitations can not

be made available, as there was a subsisting trust in favor of plaintiffs. Besides, some of the plaintiffs are still infants and limitation does not begin to run against any until the disability of all is removed.

D. B. LOGAN. FOR APPELLANT.

1. As appellees have failed to show by legal evidence that they or either of them had any interest in or title to the land in controversy at the time of appellant's purchase at the auditor's sale, appellant's alleged statements made at the sale can be considered nothing more than a statement of his intention to create a trust in favor of appellees. This would be at most then an unexecuted or incomplete voluntary trust, which is not enforceable. (2 Pomeroy's Eq. Jur., 2 ed., secs. 996, 997.)

2. If the statements alleged to have been made by appellant upon the day of sale are considered fraudulent, then the statute of limitations bars appellees' right to relief at this distant day, even had they owned an interest in the land and were seeking to cancel the purchase on the ground of fraud.

TINSLEY & TINSLEY FOR APPELLEES.

1. Appellant by publicly proclaiming that he was bidding for the heirs, and that it was their bid, prevented bidding by other persons who were present for that purpose. This was fraudulent and made him trustee. (Bispham's Principles of Eq., sec. 218; 10. Am. & Eng. Enc. of Law, p. 63 and authorities cited; Martin v. Martin, 16 B. Mon., 8.)

2. The plea of limitation can not avail. (Gen. Stats., chap. 71, art. 4, sec. 20.)

JUDGE EASTIN DELIVERED THE OPINION OF THE COURT.

This action was brought by appellees, who are the widow and children of Wm. Vanbever, deceased, against appellant, George Vanbever, who is a brother of said decedent, for the recovery of a small tract of land in Bell County, Kentucky, and for the reasonable value of its use and occupation for a period of about nine years.

It is alleged, in substance, in the petition, that said Wm. Vanbever purchased this land from one W. D. Howard, in

the year 1879, and was occupying and in possession of it at the time of his death, which occurred soon after said purchase, and in the same year. That there was then a small claim for State taxes, which had accrued from the year 1877, and while the land was owned by Howard, and that under a sheriff's sale, in the year 1878, the land had been purchased by the Commonwealth for this tax bill. That subsequent to the death of Wm. Vanbever, to-wit, in the year 1881, the auditor's agent for the county of Bell offered this land for sale at public auction, to satisfy this same tax claim, and that, at this sale, the appellant became the purchaser, at the price of one dollar and eight cents, the amount of said claim, and subsequently received a deed therefor from the auditor of the State; that he soon afterwards took possession under his deed, and has had the use of the land up to the time of bringing this suit, a period of nine years or more. It is further alleged that the four children of Wm. Vanbever, all of whom are appellees here, were all under the age of twenty-one years at the time of said purchase by appellant, and that said purchase was so made by him with the understanding and upon the representation and statement, then publicly made by him, that he was making it for the benefit of the infant appellees; that other persons were thereby deterred from bidding on the land; that no effort was made to secure a bid of the amount of the State's claim for a less quantity than the whole of the land, which is alleged to have been of the value of at least five dollars per acre at that time, and is now worth much more; that the facts and circumstances surrounding the purchase by appellant made him a trustee for said land for the benefit of said appellees, with the right on their part to a conveyance of same upon repaying to appellant the amount paid by him therefor, with legal interest; that they have tendered this

amount to appellant and demanded said conveyance, which has been refused; and to enforce the alleged trust and to obtain possession of said land, and to recover the value of its use from appellant, this action was brought.

The answer, besides containing a general denial of the material allegations of the petition, also relies in defense upon the statute of limitations.     Appellant also contends that there is a failure to show any record title to this land in the ancestor of appellees, as the copy of the deed from Howard to him, which is filed and relied on for that purpose, not only fails to locate and describe this land by metes and bounds, but contains an express reservation and exception from the tract conveyed, of so much of this tract as had theretofore been sold to George Vanbever, under an order of the Bell Circuit Court.

It is manifest, however, that the language of this reservation does not include this land, and that the land here in controversy is not the land there referred to as "the land heretofore sold to George Vanbever by an order of the Bell Circuit Court," as this land had not then been sold to appellant, George Vanbever, and was not sold to him by an order of the Bell Circuit Court, but was, in fact, sold to him long after the date of the deed which uses this language, and was sold to him by the auditor's agent and not by any order of court.

While, therefore, the title deed exhibited is not very definite in its description of the land, yet we think it sufficiently clear to show that this was the land conveyed, especially as it is shown that the ancestor of appellees was in possession of this land at and prior to the time of his death, and that he owned no other land.

The proof taken in the case was directed almost exclusively to the establishment of the alleged trust in favor of

appellees, and to showing the value of the land and of its use during the time that appellant has had possession of it.

As to the latter point, it is sufficient to say that it satisfactorily appears that the land was worth from one hundred and fifty to two hundred dollars at the time of the sale, and was worth about double that amount at the bringing of this suit, and that the use of the land was worth twenty dollars per year for the nine or ten years that it has been in appellant's possession.

Towards establishing the trust, it is shown by the deposition of James Vanbever, a brother of appellant, and an uncle of the claimants, that, at the time of and before the sale at which appellant bought, it was agreed between him and appellant that the latter should bid in the land, for the debt, interest, and costs, for the benefit of these infant children of their deceased brother, the appellees here; that it was publicly announced when the property was offered that appellant's bid was for the benefit of the children; that both he and appellant knew that there were other persons present with the money ready to bid on the land; that it was the purpose of himself and appellant to prevent them from bidding; that one E. F. Green, who was present, said, "let them have it; give it to the children;" and that appellant "stepped up and bid the debt and cost for the benefit of the children, and so stating, and that was the only bid."

The same facts are testified to by E. G. Wilson, who says that it was agreed between himself, the appellant and E. F. Green, just before the sale was made, that appellant should make this bid for the benefit of the children; that he announced the fact and made the request that no one should bid against appellant; that he himself had gone to the sale for the purpose of bidding on the land, and had the money to pay for it, all of which was known to appellant, but that

he "could not afford to bid against the children," though, otherwise, he should have bid on the land.

While these facts are denied by appellant, yet we think they are abundantly established by the evidence, and the only question on this branch of the case is whether or not they establish a trust in favor of these children, against the appellant, who purchased under these circumstances.

It is insisted for appellant that no trust was created, for the several reasons, that appellant owed no duty to appellees in this matter, and was under no obligation to protect their property in this way; that there was no undertaking on his part, directly to or with the children, whereby they were prevented from having a representative at the sale; that there was no consideration for any such undertaking, and that there being no writing to evidence any such agreement, it would be invalid under the statute of frauds.

It may be true that appellant owed no legal duty to these infant children to protect their property at this sale, but they were the children of his deceased brother, and he undertook to do it, and announced his purpose so to do it, and thereby deterred other bidders, and caused a most riduculous sacrifice of the property. It may be true that he gave them, personally, no assurance that he would buy for their benefit, and that they were not thereby prevented from having another representative present in their interest, but he did give this assurance to others who were interested, or should have been interested, as he should have been by the demands of their helpless condition and by the claims of consanguinity, in protecting this insignificant patrimony from sacrifice, and, by his conduct, made himself their representative in this matter. It may be true that, under the statute of frauds, there should be a writing to evidence any contract concerning lands, but shall a man, standing in this

relation to infants, be permitted thus wilfully to take advantage of their helplessness, and to perpetrate upon them the grossest and most glaring fraud?

We think not; and the purchase money paid by appellant having been tendered back to him with interest, as is shown to have been done in this case, he was bound in equity and in good conscience to have surrendered his purchase to appellees, for whose benefit it was made.

This principle has so often been recognized by this court that the citation of authorities is unnecessary, but it is clearly established by the cases of Martin v. Martin, 16 B. Mon., 14; Miller's Heirs v. Antle, 2 Bush, 407; Crutcher v. Hord & Wife, 4 Bush, 360, and elsewhere.

As to the plea of the statute of limitations, we can not see how it can be made available in this case, since we have seen that there was a subsisting trust here in favor of appellees. (General Statutes, chap. 71, art. 4, sec. 20; Ky. Stats., sec. 2543.) And, in addition to this, all of these children were infants at the time this cause of action arose, two of them are still infants, and by the well settled rules of law in this State, limitation would not begin to run against any, until the disability of all was removed.

It is our opinion, therefore, that the judgment of the lower court was correct in enforcing this trust and decreeing a reconveyance of this land to the children of Wm. Vanbever, and adjudging that they recover of appellant the sum of one hundred and eighty dollars, as the reasonable value of the use of said land since he has had possession of the same, subject to the credit allowed in the judgment.

And for the reasons above indicated the judgment is affirmed.