CASE 63.—ACTION BY BERTIE ANTLE GRIFFIN AGAINST MINNIE SCHLENK AND OTHERS.—May 29, 1907.

## Griffin v. Schlenk, &c.

Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

From the judgment plaintiff appeals—Affirmed.

1. Contracts—Agreement for Benefit of Third Person—Infants.—Where some of the owners of land subject to a mortgage agreed that on the sale of the land under decree of court one of them should bid in the property for the benefit of all, the fact that one of the owners, who was not a party to the contract, was an infant and incompetent to contract, did not preclude him from sharing in the benefits of the agreement.

2. Frauds, Statute of—Contracts Relating to Realty.—A parol contract between joint owners of real property, whereby one is to bid at a public sale thereof for the benefit of all, is valid.

3. Trusts—Creation—Constructive Trust.—Where joint owners of land subject to a mortgage agreed that at a public sale of the land one of them was to bid the same in for the benefit of the others, except the mortgagee, the purchase by such one under the agreement created a trust by operation of law for the benefit of all the owners, enforceable at the suit of any or all of them; and it was not material that the purchaser was not paid in advance the others' proportion of the money to purchase the property.

4. Same—Statute of Frauds—Estoppel.—Constructive trusts are not within the statute of frauds, since they are bottomed on the doctrine of estoppel and the operation of an estoppel is never affected by the statute of frauds.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, Bertie Antle Griffin, and appellees, Minnie Schlenk, William Antle, Tom Antle, and Wil-

lie Herritt, the latter an infant, jointly owned a tract
of land in Jefferson county, to obtain a decree for
the sale of which they brought suit in the court below.
Two grounds for the sale of the land were set forth
in the petition: (1) That the property was indivisi-
ble; (2) that one Thompson, who was made a defend-
ant to the action, held a mortgage lien upon the prop-
erty as security for the payment of a note of $1,632.83,
which was past due. Thompson filed an answer,
which was made a cross-petition against the other
parties to the action, setting up his debt and lien, and
joining in the prayer of the petition for a sale of the
land. Judgment was rendered by the lower court, di-
recting its sale for the payment of Thompson's debt
and division of the remaining proceeds between the
joint owners. Before its sale the land was valued at
$4,010, and when sold by the commissioner at public
outcry appellant, Bertie Antle Griffin, became the pur-
chaser at her bid of $3,300. Being ruled to execute
sale bonds for the purchase money as directed by the
judgment, appellant filed a response saying appellees,
the other joint owners, were claiming that her pur-
chase of the land was made for the benefit of all the
joint owners, which she denied, and asking that the
question as to whether they were to share in her pur-
chase be determined by the court before requiring
her to execute the sale bonds. Thereupon Minnie
Schlenk, Wm. Antle, and the guardians ad litem of
the infant Willie Herritt, filed exceptions to the re-
port of sale, and resisted its confirmation, upon the
alleged grounds that the land was sold at a grossly
inadequate sum, and that appellant was trying to pro-
cure a deed from the commissioner conveying the land
to her alone, in violation of an agreement made by her
with the other joint owners, at the time of the sale

and before the property was knocked down to her, that she would buy it for them all. The parties excepting asked that they and the other heirs be adjudged joint owners of the land under appellee's purchase, and made grantees with her in the commissioner's deed, or, if this could not be done, that the sale be set aside and a resale of the land ordered. The lower court, on the trial of the exceptions, adjudged that the appellees, except Thompson, were entitled to share equally with appellant in the property purchased by her, and gave appellant the option to consent that appellees might become grantees with her in the deed to be made by the commissioner, or be released from her bid made at the sale; but she refused to consent, and judgment. was then entered setting aside the sale and directing a resale of the land. Appellant excepted to that judgment, and prosecutes this appeal.

A number of affidavits were filed by the parties in support of and against the exceptions. Without discussing in detail the evidence thus furnished the lower court on the issues of fact raised by the exceptions, we think its weight sustains the court's conclusions that there was an arrangement between appellant and appellees, or some of them, made at the time of the sale and just before her purchase of the land, whereby she agreed to buy it jointly for herself and appellees; that they relied upon her promise to do so, and Wm. Antle was induced thereby not to bid upon the property, and Mrs. Schlenk to quit bidding therefor, upon receiving information of the agreement after the sale began. We also think it fairly apparent that but for the agreement in question the land would have brought a larger sum, and something near its appraised value of $4,010. It is not material that the

infant, Willie Herritt, was not a party to the agreement referred to. His infancy would have rendered him incompetent to contract, if he had been present when the agreement was made; but as a part owner of the land he was nevertheless entitled to share in the fruits of the agreement, for, while it was made between appellant and only a part of the other joint owners of the land, by its express terms all the joint owners were included in and to become beneficiaries of the purchase made by appellant. Before setting aside the sale it was proper for the chancellor to give appellant the opportunity to carry out her agreement with appellees by consenting that they might be made grantees with her in the deed to be made by the commissioner; but, when she refused to give such consent, there was no alternative but to set aside the sale of the property and order its resale upon the terms specified in the original judgment.

Appellant's contention that the agreement, being in parol, was within the statute of frauds, is wholly untenable. "An agreement between joint owners of real estate that one shall bid at a public sale of it for the benefit of both (or all) is valid, although by parol." 29 Am. & Eng. Ency. of Law (2d Ed.) 899. Appellant's purchase of the land under the agreement created a trust by operation of law for the joint benefit of all the appellees and herself. Such trusts are enforceable at the suit of all or any of the beneficiaries. It is not material that she was not paid in advance their proportion of the money to purchase the property. Some of them, according to the evidence, were ready and able to buy it when her bid was accepted, but were prevented by the agreement from bidding. In permitting appellees to share with appellant the benefit of the purchase, the court could re-

quire them to contribute ratably to the making up of the purchase price. Appellees showed their willingness to contribute their respective shares of the purchase price paid for the land by appellant, but were not permitted to do so by her act in repudiating the trust imposed by the agreement.

Constructive trusts are held not within the statute of frauds, because they are bottomed on the doctrine of estoppel, and the operation of an estoppel is never affected by the statute of frauds. Morris v. Shannon, 75 Ky. 89; Martin v. Martin, 55 Ky. 8; Miller v. Antle, 65 Ky. 407, 92 Am. Dec. 495; Green v. Ball, 67 Ky. 586; Parker v. Catron, 85 S. W. 740, 27 Ky. Law Rep. 536; Pomeroy's Eq. sections 1030-1044. In the case at bar the enforcement of the trust was not sought by appellees by a pleading filed to that end. They only sought, by excepting to the sale, to prevent appellant from obtaining an undue advantage from the repudiation of the agreement under which she was allowed to became the purchaser of the land. The only relief authorized by the record was given by the court in setting aside the sale and restoring the status that existed before the agreement in question was made.

Finding no cause for disagreeing with that decision, the judgment is affirmed.