## Estes v. Estes.

(Decided February 14, 1911.)

### Appeal from Scott Circuit Court.

Lands—Verbal Agreement to Buy—Statute of Frauds.—A verbal agreement for the purchase of land is in violation of the statute and not enforcible. (See Statute of Frauds and Perjuries, Kentucky Statutes, Section 470.)

B. M. LEE for appellant.

J. F. ASKEY for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Sometime in the early part of 1904 appellee, Geo. Estes, purchased from one Sparks, who was agent for some heirs, the tract of land the right of possession to which is in dispute in this action, and paid the purchase price, $2,500, therefor. Before the time of the purchase, John Estes, appellant, was looking over the land with the view of buying it, but had no means with which to pay for it. At the time appellant's brother, George Estes, purchased the land, he agreed with appellant that he might occupy the land for three years for certain rents, with the privilege of buying during that time or at the end thereof, by paying him the amount which he paid for the land. This verbal agreement ran for three years at the end of which time they had a settlement of rents, and, John being unable to buy the land, George gave him two years more upon the same terms. John paid only forty odd dollars rent the last two years and at the end thereof was still unable to buy, so he saw one Hutchcraft, a neighbor, and got him to agree to furnish him the money and take a mortgage on the land. He caused this fact to be telephoned to his brother who resided in Lexington, on March 4, 1909, and requested his brother to convey him the title so he could execute the mortgage to Hutchcraft. Appellee refused to accept the proposition because, as he stated, Hutchcraft would get the land under his mortgage and he wanted to keep it unless it could go to appellant, and for the further reason that the five years had ended in which he had a right under the verbal agreement to pay for the land. George Estes then got out a writ of forcible detainer which resulted in a mistrial in the country and was taken to the county judge

where it was decided in favor of appellee, and appellant filed a traverse and took the case to the circuit court where, upon the conclusion of the testimony, the court gave the jury a peremptory instruction in behalf of appellee. We infer that the court gave this instruction because the agreements between the parties were not in writing and therefore not binding upon either party. The Statute of Frauds and Perjuries, section 470, requires all such contracts to be in writing.

In the case of Griffin & Wife v. Coffey, &c., 48 Ky. (9 B. Monroe), 452, the court said:

"It has been held, that if a party makes a purchase in his own name, upon his own credit, a verbal agreement to make the purchase for another, is within the operation of the statutes of frauds."

See also Parker's Heirs v. Bodley, 4 Bibb., 102, and Hocker, &c., v. Gentry, &c., 3 Metcalfe, 463. Many other cases might be cited to the same effect.

The testimony in this case, in substance, is that appellee bought the land and paid his own money for it; that he made an agreement with appellant whereby he was to have the use of the land at certain rents for five years and the privilege of buying it within that time at the price he, appellee, paid for it. This being a verbal agreement and in violation of the statutes, it is not enforcible by either party. The case would have been different if appellant had had the title to the land and it was being sold from him by the sheriff or commissioner and appellee had agreed to buy and pay for it with an understanding with appellant that he should have the right to redeem it. This would have amounted to a mortgage and given appellee only a lien for the money be paid out with its interest, and such leins can be extended by verbal agreement without violating the statute. Appellant never had any interest in this land and consequently a verbal promise by appellee to sell it to him was within the statutes of frauds and not binding upon either party.

The case of Reeder & Kleete v. Maria Bell, 7 Bush, 255, does not conflict with the authorities above cited. In that case Bell was in possession under a previous landlord when the contract was made with appellants. Bell agreed to remain on the land for six years and take care of it, and was to have the privilege of buying it during that time. Appellants undertook to put his widow out long before the time elapsed and the court said that it

could not be done.   The tenancy had not expired and the proceeding was against a person other than the one with whom the contract was made.

For these reasons, the judgment of the lower court is affirmed.