## Doom v. Brown, et al.

(Decided October 12, 1916.)

### Appeal from Spencer Circuit Court.

1. Frauds, Statute of—Parol Contract to Purchase Land.—Ordinarily, a mere parol agreement by the purchaser of land in his own right to buy the property and convey it to another is within the statute of frauds and not enforcible.

2. Trusts—Purchase of Land—Resulting Trust.—A parol agreement, by which the mortgagee at a judicial sale agrees to purchase the land for the mortgagor's surety, who neither furnished the purchase money nor had an actual interest in, or bona fide claim to, the property, is within the statute of frauds and no resulting trust arises in the latter's favor.

H. S. McELROY and H. W. RIVES for appellant.

EDWARDS, OGDEN & PEAK, A. E. WALSH, SAMUEL K. BAIRD and G. S. & J. A. FULTON for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In the year 1902, James Montgomery, Jr., with Ben P. Doom as surety, executed to C. C. Brown a note for $510.00. As further security for the note, Montgomery mortgaged his life interest in a storehouse and lot, located at Taylorsville. The debt not being paid, Brown brought suit and recovered a judgment directing a sale of Montgomery's interest in the property. At this sale, which took place in June, 1908, Brown became the purchaser. He retained the property until October 11th, 1913, when he sold it to Charles Cotton.

Alleging that Brown bought the property under a parol agreement, whereby he was to hold the title until his debt was paid and then convey the property to him, plaintiff, Doom, brought this suit to recover the prop-

erty. The chancellor declined to grant the relief prayed for and Doom appeals.

In view of the conclusion of the court, it will be unnecessary to detail the evidence bearing on the question in dispute.

Ordinarily, a mere parol agreement by the purchaser of land in his own right to buy the property and convey it to another is within the statute of frauds and not enforcible. Letcher v. Letcher's Heirs, 4 J. J. Marshall 590; Graves v. Dugan, 6 Dana, 632; Griffin v. Coffey, 9 B. M. 453; Hocker v. Gentry, 3 Met. 474; Ecton v. Moore, 4 R. 309; Commonwealth v. Maysville B. S. R. R. Co., 94 Ky. 16; Estes v. Estes, 142 Ky. 262; Wormald's Gdn. v. Heinze, 28 R. 1022, 90 S. W. 1064; Day, et al., v. Amburgey, 147 Ky. 123. A distinction has been made between the above class of cases and those cases where one buys land at a judicial sale under a parol agreement to purchase for another, and fails to convey in accordance with the agreement. Such cases are not within the statute of frauds, and a resulting trust will arise where the party with whom the agreement is made furnished the purchase money, or had an actual interest in, or a bona fide claim to, the land purchased. Crutcher v. Muir, 90 Ky. 142; Griffin v. Schlenk, 139 Ky. 523; Sherley v. Sherley, 97 Ky. 512; Payne v. McClure Lodge No. 539, 115 S. W. 764; Davis v. Spencer, 128 S. W. 295; Lancaster Trust Co. v. Long, 220 Pa. 449; Weidmann v. Crawford, 142 Ky. 303; Parker v. Catron, 120 Ky. 145; Warden v. O'Brien, 142 Ky. 633; Fishback v. Green, 87 Ky. 107; Butler v. Prewitt, 21 R. 813; McConnell v. Gentry, 99 S. W. 278; Stubbins v. Briggs, 24 R. 231, 68 S. W. 392; Adams' Admr., et al., v. Wells, 153 Ky. 768. In the case under consideration Doom did not pay the purchase money. Had he discharged the mortgage debt he would have been subrogated to the mortgagee's lien, but this he did not do. Therefore, he had no interest in, or bona fide claim to, the property. He was an entire stranger to the title. We are not inclined to extend the doctrine so as to include a case of this kind, but conclude that the alleged parol agreement is within the statute of frauds and cannot, therefore, be enforced.

Judgment affirmed.