### Fields v. Hoskins, et al.

(Decided December 10, 1918.)

## Appeal from Leslie Circuit Court.

1. **Frauds, Statute of—Parol Agreement to Purchase Land.**—Where no confidential relationship existed between the parties, and defendants practiced no fraud upon plaintiff in acquiring title in his own to land sold at judicial sale belonging to a third party and upon which plaintiff held a lien, a parol agreement by the defendant to purchase and pay for the land and to convey same to plaintiff when he reimbursed the defendant for his outlay, is within the statute of frauds and unenforcible.

2. **Frauds, Statute of—Implied and Express Trusts.**—The statute of frauds was enacted to prevent frauds, and courts of equity will not therefore permit it to be used to perpetrate a fraud upon pre-existing rights and confidential relationships, hence parol agreements of *implied* trust, whether resultant or constructive, are held not to be within the statute, but an *express* trust be-

tween strangers at law not in writing is within the statute and unenforcible because no trust is or can be violated except such as are imposed by the terms of the agreement itself and against the violation of which both equity and the statute demand the parties shall protect themselves.

H. C. EVERSOLE and E. H. DUNN for appellant.

C. W. HOSKINS for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant brought this action in equity to require the defendants to convey to him a tract of 100 acres of land which defendant, A. N. Hoskins, purchased at a judicial sale, alleging that plaintiff was the owner of the land and that it was sold to satisfy a judgment lien debt which he owed the estate of Felix Hoskins; that the defendant purchased it under a parol trust agreement to hold the title for plaintiff and to accept in repayment of what he paid for the land and such other expenses as he might incur in the transaction, white oak trees, at $1.00 per tree, from the land sold, and other lands in the vicinity, owned by plaintiff and his father-in-law.

Defendant denied the agreement, and after the proof had been partially taken, plaintiff amended his petition to conform to the proof, alleging that before the sale he had sold and conveyed the land to Osborne and Sparks for $1,000.00 and their agreement to assume and pay the Felix Hoskins mortgage on the land, and that they, at the time of the sale, held the legal title to the land, but that he retained a lien upon same for the purchase price of $1,000.00, which was inferior to the Felix Hoskins mortgage lien.

It was further developed, without contradiction in the proof, that in the suit by the administrators of Felix Hoskins to foreclose the mortgage, the plaintiff, by answer and cross-petition against Osborne and Sparks, secured a judgment against them, as the owners of the land, for the unpaid part of the purchase price due him, with a second lien upon the land, and that the land was sold at the sale at which defendant became the purchaser, as the land of Osborne and Sparks, to satisfy both liens.

It is therefore clear that as plaintiff was not the owner of the land at the time of the decretal sale, his contract with the defendant, if proven, does not come within the doctrine of Griffin and Wife v. Coffey, &c., 9 B. Mon. 452;

Warden v. O'Brien, 142 Ky. 633; Martin v. Martin, 16 B. Mon. 8, and Green v. Ball, 4 Bush 586, relied upon by plaintiff, which recognize an exception in favor of the owner of land being sold under a decretal sale, exempting from the operation of the statute of frauds, as a constructive trust, a verbal contract with the purchaser to hold in trust for the benefit of the owner. Plaintiff also argues that, as an implied trust, his agreement with defendant is not within the statute of frauds, because by the agreement a partnership for the purchase of the land was formed, and that defendant is holding the title for their joint benefit. But such proof as he offered to sustain the alleged agreement does not show any joint interest or element of partnership, but only that the purchase was for the benefit of plaintiff alone, and that the defendant was to pay the entire purchase price and be reimbursed, simply, out of the sale of the white oak trees on this and other lands owned by plaintiff and his father-in-law, neither nor both of whom the proof shows owned a sufficiency of such trees on this and other lands for such purpose. So plaintiff's proof, even assuming that it established the agreement satisfactorily, fails to bring the case within the exception in behalf of partners to the requirement of the statute of frauds, that all contracts for the sale of real estate shall be in writing; hence the cases of Mallon v. Buster & Allin, 121 Ky. 379; Wiedemann v. Crawford, 142 Ky. 303, and Garth v. Davis & Johnson, &c., 120 Ky. 106, recognizing such exception and relied upon by plaintiff, are not applicable. Neither of the other two cases cited by plaintiff, Vaught v. Hogue, 32 Ky. Law Rep. 1061, and Miller's Heirs v. Antle, 2 Bush, 407, is applicable because in the former Vaught furnished the money with which to purchase land at a private sale, to Hogue, his agent and partner, who fraudulently took the title in his own name, while in the latter, the contract was evidenced by a written memorandum held to satisfy the statute of frauds.

Summarizing plaintiff's evidence and disregarding that for the defendant, we find that no confidential relationship of any kind existed between plaintiff and defendant; defendant practiced no fraud upon plaintiff in acquiring title in his own name; plaintiff held a second lien against the land of third parties, about to be sold, and defendant, present at the sale to bid in the land for

himself, agreed to purchase and pay for the land and to reconvey same to plaintiff when he was made whole. This is at most simply an agreement to sell the land to plaintiff at a price which gave plaintiff all of the profit and defendant only the trouble and risk of loss. Upon what ground it could be maintained that out of such an arrangement any trust resulted or could in equity be constructed in plaintiff's favor, we can not imagine, and the only possible trust that could be deduced from the transaction would be an express trust which, like other contracts for the sale of real estate, come within the statute of frauds and must be in writing. Fischli v. Dumaresly, 3 A. K. Mar. 23; Graham v. Fox, 6 Dana 171; Hocker, &c. v. Gentry, et al., 3 Met. 417; Commonwealth for Greenup County v. Chesapeake & Ohio Railway Company, 94 Ky. 16; Sherley v. Sherley, &c., 97 Ky. 512; Estes v. Estes, 142 Ky. 261; Patrick, &c. v. Prather, 144 Ky. 771; Erdman, &c. v. Kenney, 159 Ky. 509.

The statute of frauds was enacted to prevent frauds, and courts of equity will not therefore permit it to be used to perpetrate a fraud upon pre-existing rights or confidential relationships; hence parol agreements of implied trust, whether resultant or constructive, are held not to be within the statute, but an express trust between strangers at law, not in writing, is within the statute and unenforcible because no trust exists except such as is imposed by the terms of the agreement itself, and against the violation of which both equity and the statute demand the parties shall protect themselves.

Hence, even if we assume that the contract was proven, it was not enforcible, and the chancellor did not err in dismissing the petition.

Wherefore, the judgment is affirmed.