# Swaner et al. v. Hash et al.

Dec. 2, 1941.

Luker & Luker for appellants.

H. C. Clay & Sons for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

In 1911, John and Sam Swaner and J. W. Hash purchased jointly a tract of land containing 128 acres in Laurel County from Jarvis and Mayme Jackson. The Jacksons executed a title bond to the purchasers and $100 was paid on the land. The Swaners and Hash purchased the land with the view of cutting the timber from it and proceeded to do so. The balance of the purchase price was paid from the timber. The venture seems not to have been a very profitable one because it does not appear that any one of the three realized much from it. In 1930 the Jacksons executed a deed to the whole tract to John Swaner, the purchase price having been paid previously. Jarvis Jackson said that John told him to make the deed to him and he would divide the land with Sam and Hash and that would save him from making three deeds. Some time before John's death in 1936, he conveyed 25 acres of the land to Sam. Shortly after John's death, Hash executed a title bond to Cy Jones and Willie Floyd for 42 acres of the 128-

acre tract. Those parties entered upon that boundary and began to mine coal. A few months thereafter the heirs of John Swaner, the appellants here, instituted this action against Hash, Jones and Floyd, wherein they set up their claim to the land by virtue of the 1930 deed and sought to have their title quieted. Hash did not answer, but subsequently gave his deposition for Jones and Floyd. Those parties answered setting up their claim to the land by virtue of the title bond given them by Hash, and also they set forth the basis of Hash's claim to the land under the 1911 title bond executed by the Jacksons. They set forth further that, after the conveyance to John in 1930, he was to execute a deed to Sam and one to Hash for the parts of the tract agreed upon and that a deed was executed to Sam for 25 acres, but that John failed to execute a deed to Hash for the 42 acres allotted to him, and that Hash took possession of his part of the land, placed a tenant upon it and exercised possession of it until he sold it to them. The Swaner heirs filed a reply traversing the affirmative matter in the answer. The issues were completed and depositions were taken by both parties. While the case was ready for submission the Swaners filed an amended petition in which they set forth that John and Sam Swaner and Hash formed a partnership in 1911 to purchase the land from the Jacksons; that the land was purchased pursuant to that agreement; that the timber was cut and sold to D. C. Edwards, who paid for the land out of the proceeds from the sale of the timber; that Hash purchased a sawmill from John in 1917 and executed a note to him for $65 which had not been paid; that Hash never paid any part of the purchase price of the land; that he did very little, if any, of the work in marketing the timber; and that no part of the land was ever deeded to Hash because he refused to settle with John. Jones and Floyd responded to this amended petition, denying the material allegations thereof and setting up that, if any partnership or agreement ever existed as alleged, it was terminated many years before they purchased the 42-acre tract from Hash, and that they were innocent purchasers. They also set up a plea of limitation both as to the partnership transactions and as to the note for the sawmill. No reply was filed to this answer. Judgment was entered in favor of Jones and Floyd, and the commissioner was ordered to execute a deed to them for the 42-acre tract.

The appellants insist that they were entitled to a judgment against Hash because he filed no answer in the case. They also contend that any agreements John may have made about deeding a part of the land to Hash, after the deed was executed to him by the Jacksons in 1930, were not enforcible, and that John did not hold the land in trust for Hash because Hash admitted that he knew the deed was to be executed by the Jacksons to John. We have examined the record carefully and have reached the conclusion that the judgment should be affirmed.

As we interpret the pleadings and proof the appellants do not contend that Hash did not have an interest in the land. An equitable title was conveyed to him and the Swaners by virtue of a title bond in 1911. Hash was making no claim to the land and those claiming under him, Jones and Floyd, were entitled to make such claims to it as Hash could have made. The question of the $65 sawmill note is of no consequence, because it is not contended that this was a claim against the land but rather a personal claim against Hash. The evidence as to the settlement of the partnership is conflicting; the appellants contending on one hand that Hash did little of the work and received most of the profits from the venture; while, on the other hand, Hash testified that he did a part of the work and received little from the venture. There is also conflicting proof as to Hash's occupancy and possession of the land after 1930. He said that he rented it to a man by the name of Goforth for several years and the appellants contend that, while Goforth came upon the land, John Swaner restricted his occupancy and tenancy to a few acres.

We fail to see how the question of the sale of land by parol agreement enters into the picture. The equitable title was already vested in Hash and the Swaners when the Jacksons executed the deed to John in 1930, and the evidence is conclusive that that deed was executed with the understanding of all the parties that John was to convey a part of the land to Sam and a part of it to Hash. This is virtually admitted by the pleadings of the appellants. True it is that there is conflicting proof as to the quantity of land to which Hash was entitled and to its location, but there is ample evidence to uphold the finding of the chancellor that he was to be allotted the 42 acres which he sold to Jones and Floyd.

John took title to the land in 1930 for himself, and as constructive trustee for the other joint owners. The evidence warrants this conclusion. See Davis v. Spicer, Ky., 128 S. W. 294; Doom v. Brown, 171 Ky. 469, 188 S. W. 475; Clark v. Smith, 252 Ky. 50, 66 S. W. (2d) 93.

Judgment affirmed.