## JOHN FERGUSON *v.* L. B. SIMS.

[Abstract Kentucky Law Reporter, Vol. 3—684.]

**Partnerships—Agency.**

> Each partner is the agent of the other in transacting the business of the partnership, and their acts in the regular course of business and within the scope of the partnership are binding on each other.

### APPEAL FROM CALDWELL CIRCUIT COURT.

February 4, 1882.

OPINION BY JUDGE HARGIS:

The appellant and his father were partners in a crop of tobacco which yielded five hogsheads. The latter sold two of the hogsheads and collected the price therefor, out of which he paid to the former $30 and agreed to pay him the remainder of his share when the other hogsheads should be sold. They were subsequently sold by the appellee as the agent of the father, who had died, and appellant brought this suit to recover from appellee one-third of the price of the five hogsheads of tobacco.

On what principle he expected to recover for the tobacco which his father sold and collected the price for, we are not advised by the record. It is well settled that each partner is the agent of the other in transacting the business of the partnership, and their acts, in the regular course of business and within the scope of the partnership, are binding on each other. *Judge v. Braswell,* 13 Bush (Ky.) 67, 26 Am. Rep. 185. Here the father had authority to make the sale according to the terms of the partnership, and by the expressed consent of the appellant, also. The collection of the price by the father from the vendee exonerates the latter from liability at the suit of the copartner.

If it had been alleged and proven that the appellee had bought and owed for the two hogsheads sold by the father it would have been beyond question that the purchaser could not set off or recoup from the price the private debt of the father. No such state of case, however, appears in this record. The only interest or right which belonged to the appellant was the one-third of the price for which appellee sold the three hogsheads of sugar in Clarksville.

The evidence is conflicting as to the price he received for it, and the jury having rendered a verdict for sixty-nine and two-thirds cents in favor of appellant, balance due after deducting the $159.95 paid to him by appellee, we will not disturb it, as the evidence is amply sufficient to support the verdict.

Judgment *affirmed.*

*J. R. Hewlett for appellant.*

[Cited, *Garth v. Davis,* 120 Ky. 106, 27 Ky. L. 505, 85 S. W. 692, 117 Am. St. 571.]