CASE 98—PARTNERSHIP, LIEN—MARCH 28, 1885.

# Flanagan v. Shuck, &c.

APPEAL FROM MARION CIRCUIT COURT.

Two attorneys at law, who were partners, purchased a tract of land with partnership funds to secure a fee owing to the firm.

1. *Held*—A creditor of S., one of the partners, cannot subject his interest in the land until the partnership debts are paid.

2. The other partner, B., has his lien upon the land until all the debts of the partnership have, upon settlement, been satisfied.

3. It must bo assumed that in all cases, unless a contrary intention be shown, the partnership real estate shall be treated as partnership assets, and therefore as personalty.

HILL & RIVES FOR APPELLANT.

1. To constitute real estate held in a partnership name firm assets, there must be a connection between the business of the firm and the uses to which the land is put.

2. If this be true, this land was not partnership assets, and neither of the partners had a lien upon the land or any partnership account. (16 B. Mon., 634; 8 Bush, 674.)

J. G. BELDEN FOR APPELLEES.

1. It is clear upon principle as well as authority that each partner is entitled to a lien upon the partnership property until its debts are paid. The purchase in this case was of a tract of land to secure a law fee due the partners, who were attorneys at law. (Bryant v. Hunter, 6 Bush, 76.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The appellants, as judgment creditors of Finley Shuck, are seeking to subject to the payment of their debts his alleged undivided interest in a tract of land

purchased by Belden & Shuck as partners in the practice of the law. This is resisted by Belden upon the ground that it is partnership property, and that upon a settlement of the partnership Shuck will owe him more than the value of the land.

The appellants, at the threshold, say that the lower court should not have decided adversely to them, because the appellee, Belden, did not, by an appropriate pleading, bring Shuck before the court, and manifest his claim; and that if this had been attempted, it would perhaps have appeared nothing was owing to Belden, or if the contrary were shown, then that there were assets of the firm, aside from the land, sufficient to satisfy any such indebtedness.

The appellants, however, did not ask that any such settlement be made; and it is an admitted fact, that upon a settlement of the firm matters Shuck would owe Belden more than the value of the land.

There was no necessity for an investigation to ascertain what, upon the pleadings, was an already admitted fact; and the allegation that upon a settlement of the partnership a certain sum would be owing, necessarily involved the idea of a consideration of all the firm assets.

It is admitted by the pleadings and the agreed statement of facts, that the land was purchased with partnership assets, and that the object of the purchase was to secure a fee owing to the firm; that Belden & Shuck *have held it as partners ever since their purchase, and that it is their partnership property;* that their firm matters have never been settled, and that when this is done there will be due Belden by Shuck.

over $500; and that the land is only worth from $300 to $400.

It is urged that the only business of the firm was the practice of the law; and that therefore the land could not be used in or appropriated to the firm business, and hence can not be treated as personal property, and held to be firm assets.

This presents what has been termed in some of the adjudged cases "a distressingly vexed question," and one as to which the authorities are quite conflicting. Some of them hold that real estate, in order to be treated as personalty, even as to the partners *inter se* and the firm and its creditors, must be purchased for strictly partnership uses, and so appropriated; while others hold, that it is sufficient if it be purchased with partnership funds.

It is unnecessary to review the numerous cases. To do so we would have to begin with the opinions of Lord Thurlow upon one side and those of Lord Eldon upon the other; and we shall content ourselves with saying, that we think the true principle, deducible from all of them, is, that if real property has been purchased with the firm means, and is held in the joint names of the partners as partnership property, then, in the absence of any agreement between them to the contrary, it should be regarded at law as held and owned by them as tenants in common; but that in equity it should be treated as held by them in trust for the firm, subject to the rules applicable to partnership personal property, and liable to the debts of the firm, and the claims of each partner upon the others; and after these claims are satisfied, the residue of it, if any be left,

will belong both at law and in equity to the partners as tenants in common, unless they have by an agreement, either express or implied, impressed upon it the character of personal property for all purposes.

It is really a question of intention upon the part of the partners, to be gathered from all the attending circumstances, without regard to whether the title is vested in one of the partners for the firm or all of them.

It must be assumed in all cases, unless a contrary intention be shown, that the partners intended that the partnership real estate should be treated as partnership assets, and therefore as personalty, so far as it may be necessary to pay the partnership debts, and the claims of the partners *inter se;* while the modern rule is, that in order to convert it into personalty for purposes beyond these, or for all, there must be an agreement, either express or implied, to do so.

In this case no question of distribution between heirs, widow, and personal representative arises; it is purely one as to how the real estate shall be treated for partnership purposes. There is nothing shown by the record to rebut the presumption that the partners expected and intended that the land should be treated as partnership assets as to partnership purposes. There was no charge made upon the firm books as against either of them, so far as is shown by the record, of any amount as invested in the land, or drawn out of the firm business; and it is admitted that it was purchased with the fees or means of the firm, and held as partnership assets. Under such circumstances an honest purpose requires that the invest-

Flanagan v. Shuck, &c.

ment, which was made for the benefit of the firm, shall be applied to the payment of the partnership liabilities, if needed ; and the principle of justice involved should not be sacrificed to a technical rule, which may be regarded indeed as no longer existing. Each partner is liable for all the debts of the firm; and he is properly therefore entitled to an equitable lien on all its property, whether it be real or personal, for indemnity and reimbursement; and for this purpose, while the eye of a court of law can see only the legal title of real estate, yet a court of equity will treat it as personalty and firm assets, as to the payment of the firm debts and the adjustment of the partnership rights. This is now the English rule, and it is supported by such eminent legal writers as Kent, Story, Washburn, and Collyer, and is founded upon sound policy and obvious justice. If the appellants could in this instance subject the alleged interest of Shuck in the land to their claims, it would be taking from the other partner what, upon admitted facts, equitably belongs to him.

Tested by the rules above laid down, we do not think the lower court erred in holding that the property in contest could not be subjected to the claims of the appellants, and the judgment is affirmed.