## CLARA H. GIVEN *v.* ORA CLARK, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—292.]

**Widow's Dower.**

Where real estate has been purchased in the joint names of the parties forming a partnership, with firm means, and so held, in the absence of any agreement between them to the contrary it must at law be regarded as held by them as tenants in common, but in equity it must be treated as held by them in trust for the firm, subject to the rules applicable to partnership personalty and liable for the firm debts and the claims of each partner upon the others. After these claims are satisfied the residue of it will belong both at law and in equity to the partners as tenants in common and where the wife of one of such partners has not joined in conveying her interest and he dies she is entitled to dower in his undivided interest held during coverture.

APPEAL FROM McCRACKEN CIRCUIT COURT.

October 17, 1885.

OPINION BY JUDGE HOLT:

William Wightman on July 8, 1856, conveyed to "D. Watts, D. A. Given, H. F. Givens, merchants, trading in the style of Watts, Given & Co.," a lot of land, which they a few days after sold and conveyed by a deed containing a covenant of general warranty, but in which they were only named individually, to Isaac Clark, the ancestor of appellees, and under whom they as his devisees now hold the property. The wives of the grantors in the last named deed, including the appellant, signed and acknowledged it, but it contained no words of grant from them, nor were they named in the body of it, save it recited: "In witness whereof the said parties of the first part, together with their wives, hereunto set their hand," etc. This was manifestly insufficient to convey their interest.

The firm became insolvent in 1867; and, D. A. Given having died on July 1, 1882, his widow, the appellant, Clara H. Given, brought this action on August 13, 1882, to recover dower in one-third of the property. Her right to recover depends upon whether it must be regarded as having belonged to Watts and the two Givens as real estate held in common, or as personal property of the firm, held for partnership purposes.

It is stated in the petition that "Isaac Clark gave Watts, Given & Co. $6,300 for said ground;" and in speaking of its condition it says: "Same that it was when Watts, Given & Co. conveyed it to Isaac Clark." The answer alleges affirmatively that the property was purchased by the firm, and the price paid by it out of the partnership funds; that the property was held, claimed and owned by the firm as partnership money, sold by it as such, and that the price paid to the firm was used in its business. The denial of all this, so far as it is denied, is that the lot was purchased as shown by and held in accordance with the deed; and that it was sold to Clark as shown by the deed; and that she has no knowledge or information sufficient to form a belief whether it was purchased with firm means or whether the consideration received from Clark went into the partnership assets or was used by the firm. Aside from the statements of the petition we think the property was conveyed to the firm; and although the deed to Clark does not give the firm name yet all its members united in it.

It appears that the firm was not only engaged in the banking and the mercantile business, but that it bought and sold real estate to a

considerable extent, and as a means of profit to the firm. It in fact kept an account of its purchases and sales of real estate. The evidence also substantially shows that the lot in question was purchased with firm means by the firm; that it was sold in the regular course of their business, and that the proceeds went to the partnership account.

The fact that in the case of the *Bank of Louisville v. Hall,* 8 Bush (Ky.) 672, this court held that other real estate owned by the firm of Watts, Given & Co., which had not been impressed with the character of personal property, can not be considered as conclusive or to any extent controlling in this case, because it is expressly stated in the opinion in that case that it did not appear either from the deeds or any evidence that the property had been purchased for partnership purposes or paid for with partnership funds.

There is quite a conflict of authority, both English and American, as to when and under what circumstances and to what extent real estate deeded to the members of a partnership is to be regarded and treated as personalty; but we regard the rule as settled in this case. If it has been purchased in the joint names of the parties with the firm means and so held, then, in the absence of any agreement between them to the contrary, it must at law be regarded as held by them as tenants in common; but in equity it must be treated as held by them in trust for the firm, subject to the rules applicable to partnership personal estate, and liable for the debts of the firm and the claims of each partner upon the others; and after these claims are satisfied the residue of it, if any remain, will belong both at law and in equity to the partners as tenants in common, unless they have by agreement, express or implied, impressed it with the character of personalty for all purposes. *Flanagan v. Shuck,* 82 Ky. 617, 6 Ky. L. 699.

In this case, however, the property was deeded to the firm; it was a part of their business to buy and sell such property for a profit; and this they in fact did nearly a quarter of a century ago; and the conclusion is irresistible that they regarded it as belonging to the firm, and by their conduct impressed upon it the character of personal property for partnership purposes.

Where the husband has aliened the land and the purchaser has fully paid for it equity dictates that dower should not be allowed

even where the right to it is doubtful; but we think it clear in this case that the appellant was entitled to it.

Judgment *affirmed.*

*L. D. Husbands,* for appellant.

*J. W. Bloomfield,* for appellees.

