Case 13.—ACTION BY W. E. GARTH AGAINST DAVIS & JOHNSON AND OTHERS FOR SPECIFIC EXECUTION OF A CONTRACT FOR SALE OF LAND.—March 10.

## Garth v. Davis & Johnson; &c.

Appeal from Warren Circuit Court.

JOHN M. GALLOWAY, Circuit Judge.

Judgment for defendants. Plaintiff appeals. Reversed.

Statute of Frauds—Dealing in Real Estate—Auction Sale of Lots—Purchase by Partners—Verbal Agreement—Written Memorandum by Auctioneer—Agency—Enforcement of Contract.

1. Auction Sale of Lots—Purchase by Partners—Verbal Agreement—Written Memorandum by Auctioneer—Enforcement of Contract—Where two persons verbally agreed to form a co-partnership and to attend an auction sale of town lots and each was to buy in his own name certain lots, and both were thereafter to pay for and own all of them as co-partners, and in pursuance thereof each of them did attend said sale and bid in certain lots, of each of which bids a memorandum was kept and signed by the auctioneer, such agreement constituted a co-partnership, and the owner of the lots having tendered them a joint deed for said lots and demanded a compliance on their part with the terms of the sale, which they refused, was entitled in a joint action against them to enforce a specific execution of the contract.

2. Statute of Frauds—Dealing in Real Estate—An agreement to become partners in dealing in real estate is not a contract to buy nor a contract to sell real estate as between the parties to it, and is not within the statute of frauds, and, therefore, need not be in writing if to be begun, and may not end within a year, although as a fact it may not be terminated for more than a year.

3. Auctioneers—Agency—The auctioneer's memorandum, signed by him, describing the lots sold and stating the terms of the sale, was sufficient to bind both seller and buyer, and was a compliance with the statute.

W. E. GARTH, attorney for appellant.

1. This record shows that on May 26, 1903, the appellees, Davis

Garth v. Davis & Johnson, &c.

& Johnson, before attending the auction sale of certain lots in the grove, agreed to buy the lots in partnership, to be owned jointly by them, each, however, to bid separately. Under this agreement twelve lots were knocked off to Davis and six to Johnson; both appellees informed appellant that they had bought the lots jointly as partners and tenants in common and instructed him to so convey the lots to them and they would jointly pay the price. The deed was prepared accordingly and tendered ·to them, which they refused to accept because appellant would not convey to them a certain street which they had not bought.

2. In addition to the deed, the written memoranda of the auctioneer and clerk of sale were filed with the petition, and also the written contracts signed by appellees, binding them to pay the amount stated therein for the property.

3. To the suit of appellant to enforce this contract of sale a general demurrer was sustained, on the ground that there was no written memorial of the sale between the plaintiff and Davis & Johnson jointly, hence this appeal.

4. We contend that appellees are individually bound for the price of the lots they each bought, if not jointly bound.

5. As the auctioneer is the agent of both the seller and purchaser, his notes and memoranda are binding upon both principals for whom he is agent.

### AUTHORITIES CITED.

Thomas v. Kerr, 3 Bush, 621; Gill v. Hewitt, 70 Ky. (7 Bush), 10; Lynn Boyd Tob. Warehouse v. Terrell, 13 Bush, 463; McBrayer v. Cohen, 92 Ky., 479; Beach on Contracts, vol. 1, secs. 569, 572; Moore v. Chenault, 28 S. W., 140, 16 Ky. Law Rep., 531; Ewing v. Stanley, 69 S. W., 724, 23 Ky. Law Rep., 739.

SAMUEL D. HINES, attorney for appellees.

1. We contend that under the statute of frauds appellant has no cause· of action against appellees, Davis & Johnson, as tenants in common or partners, for there is no written agreement from them jointly to purchase the lots, nor does the petition set out any such existing state of facts.

2. The written memorandum of the auctioneer shows only the bids of the appellees in their individual names. The written contracts of appellees are separate contracts.

3. There is no written statement signed by Davis & Johnson to appellant; no written agreement between Davis & Johnson; no written direction from Davis & Johnson to appellant directing the deed to be made to them jointly; no writing upon which appellant can hang a claim against them as joint purchasers and hold them each liable for the total amount of the bids.

4. An oral contract for the joint purchase of land will not create a partnership. (Levy v. Brush, 45 N. Y., 489; Smith v. Burnham, 3 Sumner, 435.)

OPINION BY JUDGE O'REAR—Reversing.

Appellant owned a tract of land in the city of Bowling Green, Ky., which he caused to be divided into town lots. A plat was recorded. He advertised the lots by descriptions as indicated in the recorded plats for sale at public auction. The advertisements were printed, and stated the terms of the sale, which were, that part of the purchase price was to be cash and balance in notes due at stated intervals. At the sale appellee, John D. Davis became the purchaser of some of the lots, being the higest bidder, and appellee, Henry J. Johnson became the purchaser of others of the lots. The auctioneer at the time entered a memorandum of each of the sales upon his book, and signed it. Appellant tendered a joint deed to appellees, conveying to them jointly all the lots bought by them respectively, and demanded a compliance on their part with the terms of the sale. They refused to accept the deed tendered. This suit against them is for the specific execution of the contract of sale. The petition avers that appellees Davis and Johnson, by parol agreement between themselves, entered into a co-partnership, to buy, own, and use all the lots bought by them respectively; that it was part of the agreement between them that each was to buy in his own name for the partnership certain of the lots, which they each did buy and that both were thereafter to pay for and own all of them as co-partners. A demurrer was sustained to the petition, and it was dismissed because the circuit court conceived that the transaction and agreement were within the statute of frauds and perjuries, and were therefore void. There was not a tender of

deeds to each of the appellees for the several lots bid in by each. So, unless the alleged parol agreement to enter into a partnership to buy the lots, and to hold them for the joint account of the partners, is enforceable, the judgment will have to be affirmed.

The auctioneer's memorandum, signed by him, describing the lots sold, and stating the terms of the sale, is sufficient to bind both seller and buyer, and is a compliance with the statute. (McBrayer v. Cohen. 92 Ky., 482, 13 Ky. Law Rep., 667, 18 S. W., 123; Gill v. Hewett, 7 Bush, 11.) The question is, who was the buyer? Nominally, Davis bought certain lots, and Johnson certain others. So far as the auctioneer's memorandum goes, none of the lots were sold to both Davis and Johnson. However, if, as a matter of fact, they were purchased by each of them in their individual names for the partnership, they became partnership assets, liable for the debts of the firm, and to be treated as other partnership assets; for it can not be material how the title appears if it in fact belongs to the partnership. An agreement to become partners in trafficing in real estate is not within the statute of fraud and perjuries. That statute, as re-enacted in this State, reads: "No action shall be brought to charge any person * * * upon any contract for the sale of real estate, or any lease thereof, for longer term than one year, * * * unless the . * * * contract, * * * or some memorandum or note thereof, be in writing, and signed by the party to be charged therewith, or by his authorized agent." Section 470, Ky. St., 1903. An agreement to become partners in dealing in real estate is neither a contract to buy nor a contract to sell real estate as between the parties to it. So far as the formation of the co-partnership is concerned, the title to real estate is no wise affected by the making of the agreement. The terms

of the agreement, the mutual undertakings by the partners as between themselves as to what each will contribute, and the interests of each in the profits of their undertaking, are matters not necessarily affected by the statute. The most numerous, and what seems to us the best-reasoned, authorities hold that such contract need not be in writing if to be begun and may end within a year, although as a fact it may not be terminated for more than a year., We cite the following among many cases holding these views: Browne, Stat. of Frauds, secs. 364-67; Meagher v. Reed (Colo.) 24 Pac. 681, 9 L. R. A., 455; Dale v. Hamilton, 5 Hare, 369; Jones v. Davies, 60 Kan., 309, 56 Pac., 484, 72 Am. St. Rep., 354; Bates v. Babcock, 95 Cal., 479, 30 Pac., 605, 16 L. R. A., 745, 29 Am. St. Rep., 133; Holmes v. McCray, 51 Ind., 358, 19 Am. Rep., 735; Richards v. Grinnell, 63 Iowa, 44, 18 N. W., 668, 50 Am. Rep., 727; Chester v. Dickerson, 52 Barb. (N. Y.), 349; Id., 54 N. Y., 1, 13 Am. Rep., 550. In this State the doctrine prevails that partnership real estate is deemed personalty for the purposes of the partnership (Spalding v. Wilson, 80 Ky., 589, 4 Ky. Law Rep., 575; Casky v. Casky, 5 Ky. Law Rep., 775; Flanagan v. Shuck, 82 Ky., 617, 6 Ky. Law Rep., 699), which is sometimes given as one of the reasons for the rule that agreements to become partners in dealing in lands is not within the statute (Flower v. Barnekoff, 20 Or., 132, 25 Pac., 370, 11 L. R. A., 149). When the partnership is formed, though by parol, and the status of the copartners has become thereby fixed, the firm's transactions as between it and others concerning lands are subject to the same terms under the statute as any individuals are. The firm, if it proposes to buy or sell land, will be bound or not in the transaction, precisely as an individual would be under the same circumstances. Duncan v. Duncan, 93 Ky., 37, 13 Ky.

Law Rep., 917, 18 S. W., 1022, 40 Am. St. Rep., 159. It may buy or sell by its agent, whose authority need not be in writing.   Tewksbury v. Howard, 138 Ind., 103, 37 N. E., 355; Brown v. Eaton, 21 Minn., 409. The memorandum or contract, though signed by the agent alone, his principals not being named, is sufficient under the statute to charge the principals. Salmon Falls Mfg. Co. v. Goddard, 14 How. (U. S.), 446, 14 L. Ed., 463.   As co-partners are deemed agents for each other in the transactions of the firm (Ferguson v. Sims, 3 Ky. Law Rep., 684; Davis v. Wiley, 3 Ky. Law Rep., 315, 755; Scott v. Colmesnil, 7 J. J. Marsh., 423), a memorandum signed by a partner, or authorized by him and in his name, but made for the firm, will bind the partners.

The case of Parker's Heirs v. Bodley, 4 Bibb., 102, can not be deemed in conflict with what is herein adjudged.   That case ought to turn upon the fact that the agreement between Bodley and Parker to become co-partners in the purchase of the Byer's estate was not consummated until after Parker had bought the land.   It was then held that his agreement subsequently entered into, to sell a part of it to Bodley in the way of a partnership enterprise, was within the statutes of frauds.   But, if the opinion be not susceptible of this construction, it is not in harmony with the later decisions of this court, nor with the trend of the decisions on this subject generally.

It follows that, if either of the appellees was in fact acting for his firm in buying the lots bid in by him at the sale, and was acting in pursuance to the partnership agreement alleged, his act in that matter was the firm's act.   He had the power to bind his firm by employing an agent to act for it in signing a sufficient memorandum to comply with the statute. `So that the signature of the auctioneer to his memorandum be-

came the binding act of the firm in that transaction. As the sale was to appellees as partners, which gave them joint interests in the lots, and made them jointly liable therefor (assuming the allegations of the petition to be true), the tender of one deed to them conveying the lots to them jointly was a full compliance with appellant's obligation under the terms of the sale to convey the title as a condition precedent to demanding the money and the execution of the notes. In our opinion, the petition stated a cause of action, and the court erred in sustaining the demurrer to it.

Judgment reversed, and cause remanded for proceedings consistent herewith.