## Goodwin v. Smith.

(Decided June 1, 1911.)

Appeal from Wayne Circuit Court.

Verbal Contract—Agreement to Deal in Real Estate—May be Terminated Within a Year.—A verbal agreement between two persons to become partners and deal in real estate, being neither a contract to buy nor to sell real estate, as between the parties to it, is not such a contract as the statute requires to be in writing if it is to be begun and may be terminated within a year.

DUNCAN & BELL and HARRISON & HARRISON for appellant.

DENTON & FLIPPIN for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This is an appeal from a judgment of the Wayne Circuit Court sustaining a demurrer to a petition. Appellant, the plaintiff in the suit below, states that in 1908 he ascertained that he could secure a valuable lease for oil and gas upon a certain tract of land known as the Phipps tract. Because of his business connections with certain parties operating in that gas and oil field he did not care to take the lease in his own name, and he entered into an arrangement with appellee, George W. Smith, by which the title was taken to Smith. After the lease was secured, and in order to obtain the money with which to drill wells and develop the property, it was agreed that appellee should sell to one Bellmont a one-fourth interest in the

property and pay him $500 cash for drilling the necessary wells, and that, in order to raise this $500 it was agreed that a one-eighth interest should be sold to R. M. Dunbar and a like interest to R. D. Meredith, and each was to pay $250 for such interest. The title to the lease being in appellee, he was directed to and did transfer to Bellmont a one-fourth interest, and to Dunbar and Meredith each a one-eighth interest, and to appellee a one-fourth interest. It is alleged that the one-fourth interest conveyed to Bellmont represented one-fourth of appellee's share in the lease, and the two interests conveyed to Dunbar and Meredith represented a half of appellant's interest. The petition alleges that these transfers to Dunbar and Meredith were made at the special instance and request of appellant, that, after they had been so made, Dunbar refused to take his interest or to pay the $250.00 as agreed therefor, and that thereupon appellee, without the knowledge of appellant, induced Dunbar to let him, appellee, have the one-eighth interest, and that he paid the $250.00 which Dunbar had agreed to pay. The prayer as set out in the second amended petition is that appellee be compelled to transfer to appellant the one-eighth interest which he acquired from Dunbar, upon the theory that he held title to the entire tract as trustee for himself and appellant, and that as such he should not be permitted to deal in the property to his profit and at the expense of appellant.

Placing upon the language of the petition and its amendments that construction most favorable to appellant, this property was bought for the partnership account of himself and appellee, and, under the rule announced in the case of Garth v. Davis & Johnson, 120 Ky. 106, and recently approved by this court in the case of Wiedeman v. Crawford, 142 Ky. 303, the agreement to become partners and deal in real estate, being neither a contract to buy nor to sell real estate, as between the parties to it, is not such a contract as the statute requires to be in writing, if it is to be begun and may be terminated within a year. Hence the appellee, when he purchased the lease, held title to the same for the benefit of the partnership, and the transaction is not within the provisions of section 470 of the Statutes, requiring it to be in writing.

The second amended petition alleges that, under the direction of appellant, appellee transferred to him a one-fourth interest and to Dunbar and Meredith a one-eighth

interest each. This, according to the petition, represented his entire interest in this partnership holding, and completely settled and disposed of the partnership feature of the transaction. After the transfer to Dunbar had been made the only interest that appellant had in the matter was to see that the $250.00 which Dunbar had agreed to give for this interest was paid. It is immaterial to him what Dunbar did with his interest. He had a perfect right to transfer his bid and purchase to any one with whom he could make satisfactory terms, and appellee was under no obligation whatever, in buying this interest for which Dunbar had contracted, to take the title thereto as trustee for the use and benefit of appellant. He had a perfect right to buy for himself. Appellant only claims to have owned a one-half interest in the lease. Appellee had conveyed to him one-fourth, to Meredith one-eighth, and to Dunbar one-eighth, thus divesting himself of title to appellant's entire interest in the lease. When he had transferred these interests as directed by appellant he had fully discharged his duty as trustee, and hence, in purchasing the interest for which Dunbar had contracted, he violated no duty to appellant.

Under this showing the Chancellor correctly held that the petition did not state a cause of action. Judgment affirmed.