## Brooks' Exor., et al. v. Strange, et al.

(Decided March 13, 1912.)

### Appeal from Bullitt Circuit Court.

Land Held in Trust—Parol Agreement—Enforcement of Sale Bond.— Two old ladies who owned two-fifths of a farm that was ordered to be sold for division, made a verbal agreement with the husband of a niece that if he would buy the farm and let them live there as long they lived, he should have their part of the purchase money. He bought the farm, they went his security on the sale bonds, and continued to live on the farm under the agreement. After the death of one of them, her personal representative took out an execution on the sale bonds coming to her. Held, That the purchaser held the land in trust for the two old ladies under the parol agreement and that the personal representative of the one who is dead cannot enforce the sale bonds after she received the full consideration she agreed to accept in satisfaction of the bonds.

CARROLL & CARROLL, T. C. CARROLL and JNO. S. GAUNT for appellants.

BENNETT H. YOUNG and HENRY G. BEDINGER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

S. D. Brooks died a resident of Bullitt County in the year 1907, the owner of a valuable farm which he did not dispose of by his will. He left surviving him four sis-

ters, and the descendants of a deceased sister, who were his heirs at law. They brought a suit for a sale of the land and a division of the proceeds. Two of the sisters, Miss Susan and Miss Theresa Brooks, had lived for many years with their brother and were quite old when he died. They were very anxious to spend their remaining days at their old home, and before their brother's death, the subject was discussed with him. He suggested that W. R. Strange, who had married a niece, should buy the land and allow them to live there. After his death, and before the sale of the land, an agreement was made by the two old ladies with Strange in substance that he should buy the land at the Commissioner's sale and allow them to live there as long as they lived just as they had before, and that he should have their part of the proceeds of the sale. When the sale was made he became the purchaser, and executed bonds for the price with the two old ladies as his sureties. The sale was made on August 10, 1908, and was reported to the court and confirmed at its August term of that year. The two old ladies continued to live on the land as they had before, Strange supplying their needs and arranging for their comfort. The agreement that they were to have a home there and that he was not to pay their part of the purchase money bonds was repeated after the sale and after the bonds had been given. In January, 1909, and before any written receipts had been executed for the purchase money by either of the old ladies, Miss Susan Brooks died while temporarily absent from the farm. R. L. Utterback qualified as her executor and had an execution issued on the sale bonds payable to her. Thereupon Strange brought this suit to enjoin the collection of the sale bonds, and the circuit court adjudged him the relief sought. Utterback, as executor, appeals.

The facts we have stated are not seriously controverted on the appeal. They are proven by the deposition of Miss Theresa Brooks and her testimony which is not contradicted, is sustained by the admitted facts and circumstances. But it is earnestly insisted that the agreement being in parol is within the statute of frauds, and therefore, Strange is without remedy.

Miss Theresa Brooks and Miss Susan Brooks each owned an undivided one-fifth interest in the land, or two-fifths between them. Owning this interest in the land they made an agreement with Strange that he

should buy it and hold it in trust for them for certain purposes. After this agreement had been made and Strange by means of it bought the land, the court would not have allowed him to retain his purchase if he had denied that he bought the land in trust for the old ladies, and had demanded that they vacate the place. Such agreements between the owner of property and the purchasers at a decretal sale have often been upheld by this court although in parol. (Parker v. Catron, 120 Ky., 145; Griffin v. Schlenk, 139 Ky., 527; Davis v. Spicer, 128 S. W., 295; Ware v. Bennett, 143 Ky., 743.) Were the rule otherwise the purchaser at such sale might perpetrate a fraud upon the owner of the property by preventing him from protecting himself. The agreement though in parol, may not be repudiated by the purchaser, and the owner of the property will not be permitted to hold the purchaser to his purchase and repudiate the parol agreement; for often the purchaser would not have bought but for the inducement held out to him to do so. An agreement to buy land for another may be created by parol. (Garth v. Davis, 120 Ky., 106; Mallon v. Buster, 28 R., 318; Wiedeman v. Crawford, 142 Ky., 307.) In this case Strange's purchase was really made for the protection of the old ladies, and at their instance. When the sale was thus made he held the title in trust for them under the agreement he had made with them. The sale having been confirmed the title to the land passed out of them and vested in him. The only thing left in them was the right to the purchase money and this by agreement between them and him was not to be collected in consideration of their having a home on the place as long as they lived. When Strange purchased the farm under the agreement with them and so held the title in trust for them to the extent stated, he could not repudiate the trust and hold on to his purchase. When they induced him to make the purchase, agreeing that they would not collect the purchase money coming to them; but were, in consideration of this to have a home on the place as long as they lived, the personal representative of Miss Susan Brooks can not be permitted to hold him to his purchase and collect the sale bonds after her death, when the contract so far as she was concerned has been fully executed. She has received the entire consideration she agreed to accept in satisfaction of the bonds. That the bonds have been satisfied may be shown by parol.

Judgment affirmed.