## Huff v. Byers.

(Decided June 2, 1925.)

### Appeal from Clinton Circuit Court.

1. Trusts—Express Trust of Personalty May be Created by Parol.— An express trust is voluntarily created by direct action and declaration of donor, and as to personalty may be created by parol.
2. Trusts—Trust in Realty May be Established by Parol Agreement Made Simultaneously with Transfer of Title.—A trust in real property may be established by parol agreement between purchasers made simultaneously with transfer of title.
3. Trusts—"Constructive Trust" is Based on Fraud of Grantee; Remedy Being Suit for Reformation.—A "constructive trust" is a creature of equity, and is based on fraud of grantee; remedy being a suit for reformation, in which court impresses trust on property. and, by treating grantee as trustee, wrests title from him and vests it in true owner as cestui que trust, status of parties being fixed at time title passes.

4.  Limitation of Actions—Acknowledgment by Husband as Construc-
    tive Trustee of Trust in Favor of Wife Held to Constitute a Con-
    tinuing and Subsisting Trust Against which Statute of Limitation
    did Not Run Until Repudiated by Wife—Limitations do Not Run
    Against Cestui in Possession.—Where husband purchased land
    with proceeds from wife's land and named himself as grantee,
    thus creating a constructive trust in favor of wife under Kentucky
    Statutes, section 2353, and, while they were in joint occupancy of
    land, husband recognized existence of trust and promised to ful-
    fill it, and assured wife that in law she was owner of property,
    held that there was a formal recognition of a continuing and sub-
    sisting trust by the constructive trustee, against which trust the
    statute of limitations (sections 2515, 2519), would not, under sec-
    tion 2543, run until repudiated, and, in any event, the statute does
    not run against a cestui que trust in possession.

BERTRAM & BERTRAM and J. A. FLOWERS for appellants.

S. G. SMITH for appellees.

.OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

In the year 1876, Wm. Huff and his wife, S. A. Huff, sold two tracts of land belonging to the latter for the sum of $1,050.00. A few months thereafter they purchased the tract of land in controversy for the sum of $550.00.

Wm. Huff conducted the transaction and without the knowledge or consent of his wife had his name inserted as grantee in the deed, though the consideration was paid from the proceeds of his wife's land. They moved upon the farm immediately and lived there until the death of Wm. Huff on the 8th of June, 1915.

Mrs. Huff thought she was the grantee in the deed and did not learn otherwise for several years. When she discovered that her husband was named as grantee she complained of that fact and he admitted her claim and promised to execute a deed to her for the land. This was repeated at frequent intervals during their married life and at all times he assured her that the law would give her the land and that it could not be taken for his debts, and repeated his promise to execute a deed of correction, but this was never done.

They raised a family of six children, five of whom married and moved to homes of their own. A single son, W. P., remained at home with his parents. After the death of Wm. Huff this son remained with the mother on the place until October, 1920, at which time she and her

children and their respective spouses sold the farm for the sum of $3,000.00. In making this sale Mrs. S. A. Huff claimed the ownership of the land and undertook to give the proceeds of sale to her son, W. P., in consideration of the services he had performed for both parents.

One child, Mrs. S. E. Byers, objected, and together with her husband brought this action, claiming one-sixth of the proceeds of sale as heirs at law of Wm. Huff. The facts are undisputed and it is admitted that the original transaction created a constructive trust in the land in question in favor of Mrs. S. A. Huff. Kentucky Statutes, section 2353; Foushee v. Foushee, 163 Ky. 524; Roche v. Roche, 188 Ky. 330; Deaver-Kennedy Co. v. Cooper, 189 Ky. 367.

The real question in controversy is as to the application of the statute of limitations. Mrs. S. A. Huff was in possession of all the facts before her husband's death on June 8th, 1915, and this suit was not filed for more than five years thereafter, and it is claimed by appellees that her cause of action accrued on the former date and was thereby barred by the state of limitation. Section 2515-19, Kentucky Statutes.

Appellants concede that the statute runs against a constructive trust, but earnestly insist that the admissions and declarations of Wm. Huff as to the manner in which the title was held and his repeated statements to his wife that the law would give her the property, coupled with his promise to convey the land to her, converted the constructive trust into an express trust against which the statute would not run. Section 2543, Kentucky Statutes.

An express trust is voluntarily created by the direct action and declaration of the donor and as to personalty may be created by parol. Helm's Exor. v. Rogers, 81 Ky. 568; Bohannon v. Bohannon's Admrx., 92 Ky. Dec. 597; Owsley v. Owsley, 77 Ky. Dec. 397. At common law an express trust in real property also could be established by parol. This was changed by the 7th section of the statute of frauds enacted in 1676, restricting the creation of such trust to written instruments. 26 R. C. L., page 1195. Section 7 of the statute of frauds was not brought over to the colonies as a part of the common law and has never been enacted in this state. Smith v. Smith, 121 Ky. Dec. 1002; Sherley v. Sherley, 97 Ky. 513. And we have held that a trust may be established by a parol agreement between purchasers, made simultaneously with the transfer of title. Smith v. Smith, *supra.* This principle is fre-

quently applied to purchasers at decretal sale. Parker v. Catron, 120 Ky. 145; Ware v. Bennett, 143 Ky. 746; Fishback v. Green, 87 Ky. 107. It has also been applied to partnership undertakings. Garth v. Davis, &c., 120 Ky. 106; Goodwin v. Smith, 144 Ky. 41; Brooks v. Strange, 147 Ky. 503. But we have been cited to no case in which a parol promise to convey land or a parol declaration to create a trust in land made by the holder of the legal title has been held enforceable. There are a number to the contrary. Speers, &c. v. Sewall, 67 Ky. 239; Warmald's Gdn., &c. v. Heinze, 90 Ky. Dec. 1064; Usher's Exor. v. Flood, 83 Ky. 552; Sherley v. Sherley, *supra*; Day v. Amburgey, 147 Ky. 123; Doom v. Brown, 171 Ky. 469; Kimmons v. Barnes, &c., 205 Ky. 502.

2. A constructive trust is a creature of equity. It is based on the fraud of the grantee; the remedy being a suit for reformation in which the court impresses a trust upon the property, and by treating the grantee as a trustee wrests the title from him and vests it in the true owner as the *cestui que trust*. 26 R. C. L., page 1232. The status of the parties is fixed at the time the title passes. Ann. Cases, 1915D, page 632, case note 1, and a cause of action for relief then accrues. Ordinarily the statute of limitations begins to run at that time, Treadway v. Pharis, 90 Ky. 663, but there are qualifications to this rule, several of which appear in this case. Omitting the question of coverture during which the statute does not run against a married woman, Mrs. Huff was in the joint occupancy and possession of the property, her husband admitted the facts creating the trust, recognized its existence and promised to fulfill it, assuring her that in law she was the owner of the property. This was not an attempt by a legal title holder to create a trust, but a formal recognition of a subsisting trust by the constructive trustee. Certainly this embraced all of the essential elements which operate to take an express trust out of the statute and was sufficient to constitute a continuing and subsisting trust, against which the statute of limitations would not run until repudiated. Section 2543, Kentucky Statutes. Aside from this it is generally held that the statute of limitation does not run against a *cestui que trust* in possession, whether such possession is held singly or jointly with the trustee. Wood on Limitations, section 220a-3; 25 Cyc. 1167; Lufkinn v. Jakeman, 188 Miss. 528; Norton v. McDevitt, 122 N. C. 755; Lukins v. Sims Butte Gold Mining Co., 25 Fed. 337; Gilbert v.

Sleeper, 71 Col. 290; Clark v. Clark, 21 Neb. 402; Miller v. Baker, 160 Pa. St. 172; Freeland v. Williamson, 220 Mo. 217; Olinger v. Schultz, 183 Pa. St. 469.

This principle is broad enough to include the present issues. True, at the death of Wm. Huff his voluntary recognition of the trust ceased and appellee inherited the legal title with only a constructive trust impressed upon it. But Mrs. Huff was the *cestui que trust* and as such in possession of the property, claiming to be the rightful owner. At that time the mother could have sued to re-form the deed or the children have brought suit for possession. The fact that this was not done by either evinces a spirit of amity on the part of both, but this would not start the running of the statute. It is unnecessary to decide whether or how in any event appellee could have repudiated the trust in a manner to start the statute running while her mother was so in possession without bringing suit, as under all the facts it clearly appears that she acquiesced in the rightfulness of appellants' claim and this in connection with the peaceable possession of the latter was a tacit recognition of the continuance of the trust. It follows that the statute of limitation was not a bar to her recovery and as no rights of third persons are involved the chancellor should have enforced the trust.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.