## Union Bank & Trust Co. v. Rice et al.

June 23, 1939.

Charles L. Seale, Judge.

Shumate & Shumate for appellant.

John W. Walker for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The appellant, Union Bank & Trust Company, is appealing from a judgment wherein it was adjudged that the appellee, Cordelia M. Rice, is the owner of the equitable and legal title in a certain oil royalty. The appellant brought two suits against the appellees, E. E. Rice and Cordelia M. Rice, his wife, in 1934, in which it sought to foreclose on certain property which had been mortgaged by the appellees to it, and also to collect certain debts which were owing to it by E. E. Rice personally. Attachments were sued out in each case. An attachment was levied on the one-eighth royalty in the Mitchell Goff Tract, which royalty is the subject of the controversy now before us. The two suits filed by the bank were consolidated, and orders of sale were entered in the consolidated cases. The judgment directed the sale of the mortgaged property, and sustained the attachment on and ordered the sale of the oil royalty. The royalty was purchased by the appellant for $800.

Mrs. Rice filed exceptions to the report of the sale early in 1936, wherein she set up her claim for the first time that the oil royalty was purchased with her money by her husband in violation of an agreement with him to take title in her name. She alleged that E. E. Rice had wrongfully taken title in his own name, and that on June 14, 1934, he transferred the proceeds from the oil royalty to her, and also conveyed said royalty to her.

In April, 1936, Mrs. Rice brought a separate suit against the appellant. She alleged that the royalty in question belonged to her as a resulting trust; that it had been conveyed to her by her husband in 1934; that the

deed was lost or misplaced and never put to record; that her husband, E. E. Rice, breached the trust imposed in him by taking title in his own name, rather than in hers, to the two one-sixteenths interests in the royalty which were purchased in 1931. This suit was consolidated with the two suits brought by the bank. Numerous pleadings were filed thereafter, much of which relates to irrelevant matters, in so far as the question before us is concerned. On submission of the case the trial court entered a judgment in favor of Mrs. Rice.

In urging reversal the appellant insists:

"(1) That the general demurrer to the surrejoinder as amended should be sustained and relate back and sustained to the petition; (2) exceptions to the depositions of E. E. Rice and Cordelia Rice should have been sustained; (3) there was no resulting trust; (4) the conveyance from Mr. Rice to his wife was voluntary, fraudulent and made at a time when he was insolvent, without valuable consideration, and never recorded."

Having reached the conclusion from our examination of the record that the trial judge erred in adjudging that Cordelia M. Rice is the owner of the equitable and legal title in the oil royalty in question because the evidence of the appellees, much of which is incompetent, falls far short of the rule to the effect that it takes clear and convincing proof to establish a parol trust, we deem it unnecessary to take up separately the grounds upon which the appellant urges reversal. It is apparent from the record that E. E. Rice was considerably involved when the bank filed its suits against him and his wife in 1934. It is significant to us that Mrs. Rice did not set up her alleged claim to the oil royalty until she filed her exceptions to the commissioners' report of sale early in 1936. The alleged trust agreement by which Rice was to invest his wife's money in oil royalties and to take the deeds for same in her name was supposed to have been entered into shortly after the death of her father in 1927. E. E. Rice testified that he took money which Mrs. Rice received from her father's estate early in 1928 and placed it in a lock box. The bank records, however, do not bear out this statement. This money was deposited in the bank to the credit of E. E. Rice and appears to have been used by him. An attempt was made to show that some $300 of Mrs. Rice's money

was placed in a bank in Lexington in 1930 to the credit of E. E. Rice. The two one-sixteenth interests in the royalty were not purchased by Rice until the latter part of the summer of 1931. The deeds were taken and recorded in his name. It was not until after Mrs. Rice asserted her alleged claim to the oil royalty in 1936 that she alleged that E. E. Rice had executed a deed to her for the royalty on June 14, 1934. She said that the deed was lost, and it was never recorded. If such a deed was ever executed, Mrs. Rice could assert no claim under it of itself in this case in view of Section 496 of the Statutes.

In view of the foregoing facts and circumstances, we have no hesitancy in saying that the proof as to the alleged resulting trust falls far short of being clear and convincing to us. Kentucky Statutes, Section 2353. Holliday v. Holliday, 238 Ky. 522, 38 S. W. (2d) 436; Madden v. Fleming, 266 Ky. 772, 100 S. W. (2d) 19; Reed v. Reed, 273 Ky. 502, 117 S. W. (2d) 211.

Judgment reversed with directions that it be set aside, and that a judgment be entered in favor of the appellant.