## Knight v. Rowland.

March 19, 1948.

[black redaction bars]

Joe H. Weaks for appellant.

Wells Overbey for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—
Affirming.

This action was brought by appellant to impress with a trust a number of tracts of real estate owned by appellee; to be adjudged the owner of a one-half interest therein; and to have the property sold for a division of proceeds. The Chancellor dismissed her petition.

Appellant and appellee for a number of years, beginning in 1932, were engaged as partners in selling illicit alcoholic beverages and maintaining places of business for that and other illegal purposes. The business thrived. Appellant testified that during the course of dealings between the parties they made some sort of settlement every week; that she was allowed operating expenses, but appellee took all of the profits. According to her statement, appellee invested a substantial portion of these profits in real estate, and made assurances that her one-half interest therein would be taken care of. These pieces of property were purchased in the name of appellee over a period of approximately ten years. The parties ceased doing business in 1942, but appellant did not assert any interest in the real estate until 1944.

Appellee testified that the parties had conducted the business on a partnership basis, and that all of the profits were divided equally in cash every week. No books or accounts of any kind were kept by either party. Appellee proved that he had money and property of his own other than the profits of the business, and he stated that all of the real estate in question was purchased by him with his own personal funds.

There is very little evidence of the arrangement between the parties apart from their own testimony.

This evidence is directly conflicting on the issue involved.

The principal defenses of appellee are: (1) since the controversy relates to the fruits of an illegal business, appellant is not entitled to an accounting, (2) under Section 381.170, KRS, there was no resulting trust in the property purchased by him, and (3) if any sort of trust arrangement existed, it was not proven by clear and convincing evidence. It is unnecessary to consider grounds (1) and (2) since ground (3) amply sustains the judgment.

Assuming an oral trust in appellant's favor could be established and enforced in an action of this sort, careful reading of the record shows a complete failure of proof upon the part of appellant. As stated in Reed et al. v. Reed et al., 273 Ky. 502, at page 507, 117 S. W. 2d 211, 214: "The general rule is that in order to establish a parol trust the testimony must be such as to leave in the mind of the court no reasonable doubt as to the truth of the facts necessary to establish the claimed trust."

The proof must be "clear and convincing." Union Bank & Trust Co. v. Rice et al., 279 Ky. 629, 131 S. W. 2d 493, 494. The testimony of appellant (who admitted having perjured herself in a former proceeding) is of the vaguest sort, and the circumstances contradict her version of the arrangement. In addition, the failure to assert her rights for such a long period of time is very persuasive that she had no such rights.

On the other hand, appellee's testimony is entirely credible, and consistent with the manifest methods by which the business was conducted. If there was doubt we would follow the Chancellor, but we entertain no doubt. Appellant failed in all respects to prove her case against appellee, and the Court properly dismissed the petition.

The judgment is affirmed.