# Morgan v. Johnson et al.

January 13, 1950.

M. C. Anderson and R. O. Willingham for appellant.

Haden Owens for appellees.

CLAY, COMMISSIONER—Affirming..

This suit was brought by the heirs at law of Mary Ellen Armistead to sell a farm and divide the proceeds. Appellant, Ed Morgan, filed a counter-claim and cross-petition alleging ownership of the property. His claim was disallowed.

In 1927 appellant's father died, leaving a will bequeathing and devising his entire estate to his widow, appellant's stepmother. The will provided:

"I have paid to and for the benefit of my son, Ed Morgan at various times in various amounts to the extent that I desire that he receive nothing further out of my estate."

The widow died in 1937, and her sister Mary Ellen inherited the property. The latter died in 1947, and appellees are her heirs at law.

Appellant's claim to this property is in the alternative: either he was entitled to it as a remainderman by virtue of an agreement between his father and his stepmother, or his stepmother and her sister Mary Ellen created a parol trust in the land for his use and benefit.

(1) There is no direct evidence of any contract between the testator and appellant's stepmother. Appellant's contention is based on fragmentary bits of circumstantial evidence that might point to such an agreement. This evidence consisted of testimony of disinterested witnesses who at one time or another had heard the stepmother or her sister state that the farm "went to," "would go," or "should go" to appellant. It is too plain for argument that this evidence is wholly insufficient to establish any contractual agreement between the testator and appellant's stepmother.

(2) Appellant has nothing more than the above testimony to establish a parol trust created for his benefit by his stepmother and her sister after his father's death. Without passing on whether or not an express trust in real estate may be created by parol, (see Huff v. Byers, 209 Ky. 375, 272 S. W. 897), at least appellant's proof must clearly and explicitly manifest a present purpose to transfer rights to the beneficiary. See Hecht's Adm'r et al. v. Hecht et al., 272 Ky. 400, 114 S. W. 2d 499. Obviously the equivocal expressions attributed to the owners concerning their hopes, wishes, or even intentions were not sufficient to give appellant any interest in the land.

The judgment is affirmed.