## ROWLAND v. KNIGHT.

Court of Appeals of Kentucky.
April 24, 1951.

Joe Lancaster, Murray, for appellant.
Joe H. Weaks, Murray, for appellee.

VAN SANT, Commissioner.

The action was instituted by appellant to recover of appellee rentals in the aggregate sum of $1,260 for her occupancy of certain real estate in the City of Murray. The parties previously had been partners in the illegal business of selling liquor in Local Option Territory. Appellee contends that the property in question was purchased by her and appellant from the profits of the illegal business in which they were engaged. However this may be, the legal title to the property is in the name of appellant, and, after the dissolution of the partnership, he filed a petition against her in the Calloway County Court for a writ of forceable detainer. He was successful on the trial in the county court, but, on the appeal to the

circuit court, the findings were reversed and the petition was dismissed. No appeal was taken from that judgment. Thereafter, appellee instituted an action in the Calloway Circuit Court in which she sought a settlement of the business partnership. Judgment was entered dismissing her petition in that case, which judgment was affirmed on appeal to this Court. Knight v. Rowland, 307 Ky. 18, 209 S.W.2d 728.

Following that decision, this suit was instituted. In her answer, appellee relied on a writing, which was made a part of the answer and is in the following words and figures, to-wit:

"To Whom It May Concern.

"This is to certify that Juanita Knight is to have the brick house on the Hazel Highway as her home as long as her name is Juanita Knight.

"This Nov. 4, 1942.

"(Signed) E. D. Rowland."

Appellee likewise pleaded the judgment in the forceable detainer action as a bar to plaintiff's right to recover rent. A demurrer to the answer was filed and overruled, whereupon, by reply, appellant entered a plea of non est factum. Appellee, by rejoinder, pleaded the forceable detainer action in bar of appellant's right to deny the genuineness of the writing filed as a part of the answer.

Previous to the trial, the deposition of Mildred Knight, daughter of appellee, was taken to be read as evidence in appellee's behalf. The case was set for trial on November 28, 1949. Neither party made specific request to have the issue tried by a jury nor did either of them offer to introduce any further evidence. The court, having read the pleadings and evidence, entered judgment dismissing the petition.

Neither brief contains a list of points or authorities. Appellant's argument smatteringly complains that an injustice has been done his client in dismissing the petition. Since the reply denying the execution of the writing relied on in appellee's answer was not verified, the writing, which gave appellee the right to occupy the premises without the payment

of rent, must be read as genuine in accordance with the provisions of the Civil Code of Practice, Section 527, which reads: "A writing purporting to have been made by a party, if referred to in, and filed with, a pleading of his adversary, may be read as genuine against him, unless he deny its genuineness by affidavit before the trial is begun."

This disposes of the only real issue involved in this appeal.

The judgment is affirmed.