PANKE v. PANKE.

Court of Appeals of Kentucky.
Oct. 24, 1952.

Rehearing Denied Dec. 19, 1952.

James T. Robertson, Louisville, for appellant.

Davis W. Edwards, Wallis Downing, Louisville, for appellee.

WADDILL, Commissioner.

This is an appeal by Esther Charlotte Panke from a judgment dividing certain real estate equally between her and her brother, Ernest Rudolph Panke.

George Panke, the father of the appellant and appellee, was at the time of his death in 1925 the owner of the real estate in controversy. Probate of a paper purporting to be his will was successfully contested by both parties hereto, and as a result George Panke's property descended to his two children, Ernest Rudolph Panke, the appellee, and Esther Charlotte Panke, the appellant, as his sole heirs at law, subject to the marital rights of their mother, Callye C. Panke, now deceased.

In 1928 appellant and appellee conveyed all their interests in the property inherited from their father to their mother and she afterwards treated it as her own. During the period between 1930 and her death in 1950 she sold 6 tracts for more than $25,-000. These conveyances were made under general warranty deeds by her as sole grantor. Mrs. Panke received substantial rentals on the unsold portions of the property now in controversy.

In 1929 Ernest Rudolph Panke brought suit to compel a reconveyance of the property deeded his mother on the ground that the conveyance had been induced by undue influence and because she had agreed to reconvey his interest to him in case he should decide to go into business. This suit was compromised in 1930 under an agreement whereby Ernest Panke received some of the real estate in return for a release by him of any further claims against his mother.

Callye C. Panke died March 2, 1950, and Ernest Panke thereafter brought this suit for the division of her property between him and his sister. Esther Panke set up as a defense certain writings which she contended constituted the last will of Callye C. Panke, leaving everything to Esther.

Since these papers had not been admitted to probate they were not admissible in evidence as a will. KRS 394.130.

The circuit court had no jurisdiction to determine whether or not these papers constituted the will of Callye C. Panke. The county court has exclusive jurisdiction in probate matters of an original nature. The question can be raised only on appeal from the judgment of the county court denying probate. Central Trust Company of Owensboro v. Bennett, 208 Ky. 281, 270 S.W. 821, 823; Thompson v. Beadles, 14 Bush. 47, 77 Ky. 47.

The other defense raised by appellant is that her mother held the property conveyed to her on a constructive trust, and that, therefore, by reason of the above-mentioned release, Ernest inherits nothing, since his mother had only a trustee's title to the property conveyed by her children.

In order to find that the mother held the property on a constructive trust

for her daughter, we would have to find some wrong or fraud practiced by the mother upon the daughter, since the foundation upon which a constructive trust arises is a wrongful appropriation or retention of the property of another. Reed v. Reed, 273 Ky. 502, 117 S.W.2d 211; McCracken County v. Lakeview Country Club, 254 Ky. 515, 70 S.W.2d 938; Huff v. Byers, 209 Ky. 375, 272 S.W. 897.

There is nothing in the record to show that there was any wrong done by the mother to the appellant. On the contrary, appellant received part of the income of the property from her mother, lived with her, and accepted deeds of part of the property from her.

Appellant cites Shortridge v. Shortridge, 207 Ky. 790, 270 S.W. 47, to sustain the proposition that where a confidential relationship existed between the parties, it is not essential to the creation of a constructive trust by parol, that the conveyance must have been obtained by the actual fraud of the grantee. We distinguish the instant case from the Shortridge case in that here there was no explicit parol promise which would sustain a trust. In the Shortridge case there was proved an oral promise by the grantee to reconvey.

The chancellor found, and we find, no promise to reconvey, but merely a statement by the mother that she would "do the right thing by her children." The chancellor interpreted this to mean that she would die intestate and allow her children to inherit her estate.

The record does not support the appellant's contention that there was a trust existing between Callye C. Panke and Esther Charlotte Panke. On the contrary, the mother always treated the property as her own and sold 6 portions of it to various persons. She made deeds of 2 tracts to her daughter. The validity of those conveyances was never questioned. There is no showing that appellant ever claimed that there was a trust while her mother was alive. In order to establish a parol trust appellant must show that her mother promised, either prior to or simultaneously with the conveyance, to recon-

vey the property to her. Huff v. Byers, 209 Ky. 375, 272 S.W. 897. The proof necessary to establish such a promise or agreement must be clear and convincing, and such as to leave in the mind of the chancellor no reasonable doubt as to the fact of the trust. Knight v. Rowland, 307 Ky. 18, 209 S.W.2d 728; and Reed v. Reed, 273 Ky. 502, 117 S.W.2d 211.

We have considered the rulings of the court in respect to the sustaining of appellee's demurrer to the second and third paragraphs of appellant's answer and to the amended answer and have found them to be correct. Furthermore, we agree with the chancellor's finding that Callye C. Panke died the owner in fee of the realty in controversy.

Judgment affirmed.