**Lyma A. SNYDER et al., Appellants,**

v.

**Augustus SNYDER et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 14, 1956.

Rehearing Denied Feb. 8, 1957.

C. A. Lycan, Ashland, C. F. See, Jr., K. C. Elswick, Louisa, for appellants.

S. S. Willis, Ashland, David B. Whites, Louisa, for appellees.

MONTGOMERY, Judge.

This action to establish a constructive trust was filed by appellees, Augustus Snyder and four heirs at law of Alva B.

Snyder, deceased, against appellants, Lyma A. Snyder and her husband, A. H. Snyder, also an heir at law of Alva B. Snyder. The Chancellor found that A. H. Snyder held the title to 599.4 acres of farm land on Contrary Creek in Lawrence County in trust for Augustus and Alva B. Snyder. Other questions were decided and will be discussed in order.

By deed dated November 14, 1933, Alva B. and Augustus Snyder conveyed to A. H. Snyder the lands in question for a recited consideration of "One Dollar * * * and other good and valuable consideration". A loan for $3,900 was procured by appellants from the Federal Land Bank of Louisville. On November 28, 1933, a mortgage on the lands conveyed was executed and delivered by appellants to the Bank as security for the loan, the last payment thereon being due on April 1, 1967. There is an unpaid balance on the loan. The proceeds of the loan were paid to Augustus Snyder.

Appellants contend that the deed was intended as a sale of the land and that the loan was obtained to secure the purchase money. Appellees contend that the land was conveyed to A. H. Snyder in order that he could secure the loan for his father who was thought to be too old to obtain a long term loan, and that the land conveyed was held in trust by A. H. Snyder for his grantors.

Augustus and Alva B. Snyder had been unsuccessful in obtaining a long term loan in 1933 because of their age. He was then 75 years old. She died in January 1939.

In 1937, Augustus Snyder assisted A. H. Snyder in obtaining a loan of $3,000 from George Dixon, tenant on the farm. The loan was secured by a second mortgage on the farm and was obtained for the purpose of assisting the son in a business enterprise. In part, the Dixon loan was paid in 1941 with proceeds obtained from an-

other loan to A. H. Snyder which was arranged by his father. The last loan also was secured by a second mortgage on the farm. Appellants repaid this indebtedness, and the Chancellor found that the proceeds of these loans had been used by them for their benefit.

Augustus Snyder retained possession of the lands, managed and controlled them. He collected the rentals except as pointed out hereinafter. The farm was occupied by tenants. None of the parties to this action lived on the farm.

Lyma A. Snyder paid the taxes on the land and some property insurance, as well as the installments due on the Federal Land Bank loan. She received the proceeds from the sale of timber off the farm in the sum of $1,148.50, together with $586 collected as the rentals on an oil and gas lease and on a small house. She claimed that Augustus Snyder managed the farm as her agent under a written agreement. This alleged agreement was not introduced. The payments received by Lyma A. Snyder appear to have been agreeable to Augustus Snyder, as he arranged the oil and gas lease and also permitted the sum of $664.35 received from the sale of cattle and other farm produce to be paid to George Dixon on the mortgage indebtedness of A. H. Snyder.

In 1941, judgment was recovered in the Franklin Circuit Court against A. H. Snyder in the sum of $41.75 for unpaid unemployment compensation payments. The land was sold by the sheriff of Lawrence County under an execution issued on this judgment. Lyma A. Snyder claims title to the farm by reason of her purchase at the sheriff's sale and a subsequent sheriff's title.

The first information Augustus Snyder had of Lyma's claim to the land under the sheriff's deed was in 1953. This action was filed shortly thereafter. One day prior to the filing of this action a written state-

ment was made by A. H. Snyder, as follows:

"I, A. H. Snyder, state that about November 14, 1933, my mother, Alva B. Snyder and my father, Augustus Snyder, conveyed to me a tract of land on Contrary Creek in Lawrence County, Kentucky, containing about 599 acres, for the purpose of securing a loan from the Federal Land Bank of Louisville. Because of my father's and mother's advanced age they could not secure the loan, so the deed was made to me for this purpose and this purpose only.

"I have never claimed the land as my own, and my father has controlled it and rented it, and I hold that portion of the land that belonged to my father at the time it was deeded to me for my father, and his benefit, and that portion that was owned by my mother, Alva B. Snyder, at the time, I hold for the heirs of Alva B. Snyder, of which I am one. I make no claim of ownership to the lands described in the deed.
"This 4th day of June, 1953.
"A. H. Snyder"

A. H. Snyder explained the statement by saying that he gave it to make his father happy.

■ There is little contradiction in the evidence. While conflicting inferences may be drawn from the testimony, the written statement of A. H. Snyder is clear and convincing that he held the land in trust for his father and mother. The establishment of the trust is also corroborated by other testimony, including that of Augustus Snyder and George R. Burgess. At the time Augustus Snyder testified, he was over 95 years of age, but a reading of his testimony discloses a remarkable keenness and clarity of mind and recollection for one of his age. The evidence, without doubt, sustains the Chancellor's finding that A. H. Snyder held the land in trust

for Augustus and Alva B. Snyder. Panke v. Panke, Ky., 252 S.W.2d 909; Antle v. Haas, Ky., 251 S.W.2d 290; Shepherd v. Miller, 242 Ky. 250, 46 S.W.2d 78; Farley v. Gibson, 235 Ky. 164, 30 S.W.2d 876; Huff v. Byers, 209 Ky. 375, 272 S.W. 897; Becker v. Neurath, 149 Ky. 421, 149 S.W. 857.

Appellants also urge that appellees' action is barred by the statutes of limitation. KRS 413.120(2), 413.130(3), and 413.160. Augustus Snyder retained possession of the lands until this action was brought. Under the Huff v. Byers case above, it was held that generally the statute of limitations does not run against the cestui que trust in possession unless there has been a repudiation of the trust. Shepherd v. Miller, 242 Ky. 250, 46 S.W.2d 78; Bates v. Bates, 182 Ky. 566, 206 S.W. 800.

■■ Appellants contend that the subjection of the land to the debts of A. H. Snyder by mortgage and by execution constituted a repudiation along with the acts of Lyma A. Snyder, but the evidence indicates that all of these matters were with the consent and approval of Augustus Snyder except the title claimed by Lyma A. Snyder under the sheriff's sale. Assuming that Lyma A. Snyder had a deed for the land under the execution sale, it was obtained from the sheriff while there was a valid mortgage lien against the land. Such deed was invalid and all that Lyma A. Snyder obtained was a lien against the previously encumbered property that could have been enforced in a court of equity. KRS 426.290; Keesee v. Smith, 289 Ky. 609, 159 S.W.2d 56. Augustus Snyder commenced this action within the statutory period after he learned of the claim of title by Lyma A. Snyder under the sheriff's sale. In view of the written acknowledgment of the trust by A. H. Snyder one day prior to the filing of this action, we find no merit in the defense based on the various statutes of limitation. Huff v. Byers, 209 Ky. 375, 272 S.W. 897.

■ The Chancellor made findings of fact as to the amount due Lyma A. Snyder and the credits due appellees thereon. The evidence sustains the findings. In the absence of a cross-appeal, appellees will not be heard to complain to that part of the judgment granting a lien against all of the land to secure payment of the amount due Lyma A. Snyder. The payments made by her were for the benefit of all, not A. H. Snyder alone.

Judgment affirmed.