## Bank of Clarkson et al. v. Meredith et. al.

Feb. 26, 1946.

Pleas Sanders for appellants.

V. R. Logan for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

During the latter part of February, 1936, the appellees, G. W. Brooks and his wife, Sarah Brooks, conveyed three tracts of land to the Bank of Clarkson. A few days later the Bank conveyed the lands to the appellee, R. V. Meredith, a son-in-law of the Brookses, and the appellants, J. T. Sanders and Willie Carroll. Both deeds contained general warranty provisions. The last named grantees executed a $2400 note and mortgage to the Bank to secure the purchase price. The reason for the conveyance from the Brookses to the Bank was that Brooks had become considerably involved financially, one item of indebtedness being the sum of $3000 due the Bank of Clarkson. In 1943, Mr. V. R. Logan, attorney for the appellees, filed an action in the name of the

Bank against Meredith, Sanders and Carroll to have the lands sold and their indebtedness to the Bank satisfied. Mr. Logan had been employed by Meredith to bring the action.

According to a statement made by Mr. Logan, and the testimony for the appellees, the suit was supposed to have been a friendly one, the purpose of which was to satisfy the Bank's claim and to turn over the balance of the proceeds to Brooks, upon the theory that the original transactions were made to secure Brooks's indebtedness to the Bank and to permit Meredith, Sanders, and Carroll to hold the remainder of the property in trust for Brooks. Shortly after the action was filed in 1943, pleadings were filed by the Bank, Sanders and Carroll, which showed they were taking the position that the original transactions were grants in fee and there was to be no resulting trust for Brooks. Thereafter, Mr. Logan withdrew from the case as attorney for the Bank and devoted his energies to representing the Brookses and Meredith. He filed subsequent pleadings wherein he charged that Brooks was mentally incapacitated at the time the deed was executed to the Bank in 1936; but the chancellor found against him on that count and we think correctly so. The chancellor's final ruling on the other phase of the case was in favor of the contentions of the appellees.

While the Bank appears as one of the appellants, we gather from the record that Sanders and Carroll are the principal parties in interest. We may say, however, that we have some doubt about Carroll being a real contender, since he said, after two of the pieces of property had been sold for approximately $2400, that they should sell the remaining piece of property and pay their expenses and the remainder of the debts and give whatever was left to Brooks. He denied, however, that he had originally entered into a trust agreement, because he said he was indebted to the Bank and had nothing to give away. Sanders also denied having any knowledge of a trust agreement. On the other hand, Meredith, the party who acknowledged the deed from Brooks to the Bank, and a brother of Brooks all testified positively that the transactions were made in order to secure the debts due the Bank and to save whatever was left for Brooks.

The appellants cite numerous cases, including the case of Union Bank & Trust Co. v. Rice, 279 Ky. 629, 131 S. W. 2d 493, in support of their contention that the proof for the appellees does not meet the standard of proof necessary to establish a resulting trust. This Court has frequently held that such proof must be clear and convincing. We believe the proof for the appellees meets that standard. We have noted that Brooks was heavily involved financially; that there was some question as to his mental ability to transact his business in 1936; that, within a very short time after the conveyance was made to the Bank, it in turn conveyed the property to relatives and friends of Mr. Brooks; that two pieces of the property sold for a sum almost sufficient to satisfy the claim of the Bank; that Mr. Logan was employed by Meredith to institute the action in the name of the Bank in 1943 upon the assumption that there was to be a friendly suit to wind up all of the affairs of the parties; that Meredith and Carroll (at least at one time) took the position that whatever was left after the Bank's claims were satisfied should be given to Brooks.

Under the circumstances, we think the chancellor was warranted in finding that there was a resulting trust in favor of Brooks.

Judgment affirmed.