## Burgraf v. Reynolds et al.

November 25, 1947.

R. Monroe Fields, Judge.

V. R. Bentley for appellant.

P. B. Stratton and J. E. Childers for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

A. E. Justice died testate in 1940. He left surviving him his widow, Vicy E. Justice, and eight children. Mrs. Vicy Justice died testate in 1943. She left her daughter, the appellant Dixie Burgraf, $1.00, and de-

vised the remainder of her property to the other children. Following the death of her mother the appellant instituted this action to recover her interest in certain mineral rights which she had conveyed to her father and mother in 1936 upon an alleged oral promise that they were to devise or reconvey those rights back to her. The only evidence offered by the appellant was her own deposition, which was stricken upon the ground that she should not be permitted to testify as to transactions with her deceased father under subsection 2, section 606, of the Civil Code of Practice. The appeal is from a judgment dismissing the appellant's petition.

In 1930, Mr. and Mrs. Justice conveyed to their eight children the mineral rights in a 100 acre tract of land in consideration of love and affection. Apparently being of the opinion that he had not reserved sufficient estate for the maintenance of himself and his wife, Mr. Justice went to his children in 1936 and asked them to reconvey the mineral rights. This was done. Mrs. Burgraf alleged that her father assured her that if she would sign the deed he would reconvey the mineral rights to her, but that he either failed or refused to do so, and it was not until after the death of her mother in 1943 that she learned that her interest in the mineral rights was not to be reconveyed to her.

We think Mrs. Burgraf failed to establish a resulting or constructive trust. Clear and convincing proof is required to establish such a trust. Bank of Clarkson v. Meredith, 301 Ky. 671, 192 S. W. 2d 967. Even considering her testimony, which was properly stricken, we find nothing to show that she was in any manner overreached. Her parents had given her an interest in the mineral rights in the 100 acre tract, and there is nothing to show that she raised any objection to joining with her brothers and sisters to reconvey those rights in 1936. The 1936 deed contained no restrictive provisions and the transaction was not an unreasonable one.

Should Mrs. Burgraf be permitted to testify as to the transactions with her deceased father, it would open the door for an attack upon any deed made under circumstances similar to those here involved. There is nothing to show that any undue influence was brought

upon her by her father, nor do we view the execution of the deed in any sense as an unnatural act.

For the reasons given we think the judgment should be and it is affirmed.