## Mathis v. Martin.

(Decided October 1, 1920.)

### Appeal from Spencer Circuit Court.

1.   Auctions and Auctioneers—Conduct and Validity of Sale.—An auctioneer is the agent of both parties to the sale, and a memor-

andum thereof signed by him at the proper time, if otherwise complete, is sufficient to charge both the vendor and purchaser under the statute of frauds.

2. Auctions and Auctioneers—Authority of Auctioneer.—Where an auctioneer has full authority to advertise the property and to make all the necessary arrangements for carrying the sale into effect, his authority to bind the vendor does not end with the sale but extends beyond it, and until it is revoked he may properly bind the vendor by a memorandum signed within a reasonable time, but he has no authority to bind the purchaser unless he signs the memorandum contemporaneously with, or immediately after, the sale.

3. Auctions and Auctioneers—Memorandum of Auctioneer.—An auctioneer's memorandum of the sale of land, made on the next day after the sale, though binding on the vendor, is not binding on the purchaser unless he accepts the memorandum or otherwise assents to the sale.

4. Auctions and Auctioneers—Memorandum of Auctioneer.—Where there was an issue as to whether the auctioneer selling land had properly made and signed a memorandum of the sale, the discovery of the auctioneer's book containing the signed memorandum is such newly discovered evidence as required the court to grant a new trial therefor and it was error to overrule the motion based upon that ground.

5. Contracts—Agreement to Release—Consideration.—A release or rescission of a duly executed contract for the sale of land must be supported by a valid consideration in order for the court to enforce the unexecuted releasing or rescinding contract. And if the agreement to release or rescind does not relieve the vendor of any obligations he assumed in the contract of sale, nor confer any benefit upon him, it is unilateral and so far as the vendor is concerned it is without consideration and not binding upon him.

J. W. CRUME and L. W. ROSS for appellant.

BARRICKMAN & KALTENBACKER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Appellant and plaintiff below, H. C. Mathis, on October 2, 1916, offered for sale at public auction in Taylorsville, Ky., his farm containing about 275 acres, at which sale the appellee and defendant below, Minor Martin, became the purchaser at the price of $8,482.50. He declined to comply with the terms of the sale and another was had on the 6th of November following, when the farm brought only $6,635.69. This suit was filed by plaintiff to recover the difference in the amount of the two bids, together with the cost of advertising the second sale, mak-

ing a total sum of $1,936.62. The answer consisted only of denials of the averrments in the petition. A trial resulted in a verdict and judgment in favor of the plaintiff, which judgment was reversed by this court in an opinion reported in 184 Ky. 20. After the filing of the mandate in the court below a second trial resulted in a verdict for defendant, upon which judgment was rendered dismissing plaintiff's petition, and from this latter judgment plaintiff appeals, urging principally as grounds for reversal (1). that the court erred in not setting aside the verdict upon the ground of newly discovered evidence which consisted of the book containing the auctioneer's signed memorandum evidencing the sale to defendant and which memorandum was dated October 2, 1916; (2) error of the court in allowing defendant to file an amended answer after all the evidence was introduced on the second trial over the objections of plaintiff, and (3) in giving to the jury instruction No. 3, based upon matters alleged in the amended answer.

The law of the case, upon the facts presented at the first trial, is fully discussed and stated by this court in its opinion rendered on the former appeal. It was there held in substance that an auctioneer is the agent of both parties in making a sale like this, and that a memorandum of the sale of real estate made by the auctioneer and signed by him during the existence of his agency will be a sufficient compliance with the statute of frauds and binding upon both parties to the contract. But, in order for his signed memorandum to have this effect it must be made while he is yet agent and if the auctioneer is employed only to cry the bids and strike the bargain his authority ceases when the bargain is struck, except that he has the authority "of making his work effectual by signing the memorandum necessary to bind the parties," but that same should be done "substantially contemporaneous with the sale and as a part of it." It was found by this court on the first appeal that "there was no evidence that the memorandum in the auctioneer's book was signed by him immediately after the sale," but that it was signed on the next day after defendant had repudiated his bid, to which he had not before legally given his assent through his agent, the auctioneer. The book containing the signed memorandum of the sale was not produced upon either trial because of its becoming misplaced and the parties being unable to find it. Two days after the second

trial, and after the motion for a new trial had been over-ruled, the book containing the signed memorandum was found. Whereupon, the order overruling the motion was at the instance of plaintiff, set aside and he was permitted to rely upon the additional ground of newly discovered evidence consisting of the book containing the memorandum, but the motion as amended was afterward overruled. There is no question of diligence involved, and we think the discovered evidence was of such a nature as to authorize the granting of a new trial, but since the judgment must be reversed for another reason, we will not further discuss that question.

The amended answer, which was filed on November 7, 1919, two years, nine months and two days after the original answer was filed, introduces for the first time matter which if it constituted a valid defense was one entirely new and foreign to any theretofore made in the case. With the omission of the caption, prayer and signature, it says:

"That on the same afternoon of the sale on October 2, 1916, at which this defendant was the highest bidder, it was agreed between plaintiff and defendant that this plaintiff should on the next day go and look at the farm referred, and if he was not satisfied with the farm at the price bid, he had the right to refuse to take it, and he did go and look at the farm on the next day and immediately on the same day refused to take it."

It will thus be seen that defendant seeks, under this amendment, to escape liability upon the ground that by agreement between the parties, made and entered into after the contract of sale became binding (provided the memorandum of the sale had been signed by the auctioneer), he was released from its obligations and that the contract was at his option alone to be cancelled and rescinded and that he exercised his option within the stipulated time and thereby became released from the contract. Waiving the timeliness of the offered amendment, and conceding for argument only that an executory contract for the sale of land, which the statute of frauds requires to be in writing, may be cancelled or rescinded by another executory oral contract (a proposition which is not determined), the vice in the supposed defense consists in the absence of a consideration to support the agreement relied on. Such independent agreements, as

the one here involved, are themselves contracts and must be supported by a valid consideration, as is required in all other contracts.  39 Cyc. 1357, and 6 R. C. L. 916-917. It may be true that in such executory rescinding or releasing contracts "the mutual obligations assumed by the parties at the time of the modification (release, or rescission) constitute a sufficient consideration." (R. C. L. *supra* 918).  Still, we have no such assumption of mutual obligations in this case.  According to defendant's allegation, he assumed no obligation in the oral release agreement relied on.  The entire fruits of it were to inure to his benefit alone, the plaintiff obtaining none of them and obtaining no release from any of his obligations under the executory contract of sale by the auctioneer. Neither did the defendant, under its terms, assume any obligation or release any right growing out of his purchase at the auctioneer's sale, and, as said in the citation last referred to, "if one of the parties does not assume any obligation or release any right a promise by the other is a *nudum pactum* and void."  The same publication on page 917 further says: "An agreement by one person to discharge another from the obligations of a written contract as a matter purely *ex gratia* and in the nature of a donation, would be of no binding validity as a mere executory agreement."  A different question would arise if the agreement relied on in the amended answer had been *executed* and the parties placed in the same position they were before a sale of the land.  Such question, however, is not presented under the facts of this case.  On the contrary, defendant is seeking to shield himself behind the terms of the agreement pleaded in the amended answer and to thereby *enforce* its execution so as to release him from the obligations he assumed as purchaser at the aution sale.  Under the law relating to contracts, as above shown, he can not be permitted to do so, nor have we been able to find any other principle or rule of law authorizing the court to sustain this defense.

The court erred therefore in permitting defendant to file the amended answer complained of, and upon a return of the case it will set aside the judgment and sustain the motion for a new trial and set aside the order filing the amended answer and sustain plaintiff's objections thereto.  This conclusion renders it unnecessary to discuss the propriety of instruction number 3, complained of, since it submitted the issue presented by the wrongfully

filed amended answer. Nor is it necessary to determine the sufficiency of the evidence to sustain the verdict and that question is left open.

Wherefore the judgment is reversed with directions to proceed as herein indicated.