**PARKE et al.  v.  SPURLIN.**

Court of Appeals of Kentucky.

Feb. 26, 1954.

Rehearing Denied June 11, 1954.

Shumate & Shumate, Richmond, for appellants.

George C. Robbins, G. Murray Smith, Richmond, for appellee.

MOREMEN, Judge.

This appeal is from a judgment under which appellants, with the exception of Clinton Parke, were required specifically to perform a contract and to convey to appellee, G. R. Spurlin, their undivided interests in a parcel of real estate.

Appellants, Pressure (or Prussia) Parke, Mary Parke Baker, Laura Parke, Clinton Parke and Curtis Parke, obtained by inheritance undivided interests in a 44 acre farm situate in Madison County.

Curtis Parke, purportedly acting as agent for the other heirs, entered into a contract with A. T. Rose and Roy Rowland, who operated under the firm name of Rowland Auction Company, to sell the farm at auction. The form of this contract was not unusual and was signed by A. T. Rose of the auction company and by Curtis Parke as "agent for the Parke heirs." No direct proof was introduced to show the manner by which Curtis Parke was authorized to offer

the farm for sale, but the conduct of the parties, which will be discussed later, leads us to believe that he was asked by all the heirs, with the exception of Clinton Parke, to handle the transaction.

The property was surveyed and platted and it was advertised that "this tract of land has a long pike frontage and will be subdivided into several nice building sites and baby farms * * *."

The auction was held on September 10, 1949, and all of the heirs were present except Clinton Parke. The appellee, G. R. Spurlin, who owns a farm adjoining the property on the north, purchased five of the subdivided tracts, the perimeter to all of which encloses a rectangular tract of land adjacent to his property. The price was $3,180 and a down payment of $1,000 was made. A memorandum of sale was signed, the important parts of which read as follows:

"Contract, Terms and Memorandum of Auction Sale Sold by Rowland Auction Company

"Sept. 10, 1949
"This Property: Being a 16 acre tract located 3 miles from Richmond on R. 227
"Terms: $1000 cash as soon as property is sold * * *
"Possession: Full Possession shall be given on or about thirty days.
"Bal. to be paid is $2180.00"

The acceptance by the parties reads as follows:

"I, G. R. Spurlin, have this day purchased at public auction, the above described property; have paid the first payment by check and agree to comply with the terms of this contract.
"/s/ G. R. Spurlin, Purchaser
"I, Curtis Parke, accept the above payment, and agree to deliver a good deed and comply with the above contract.
"Curtis Parke Sellers
"We, the Rowland Auction Company, have this day sold the above

property at auction and have collected the first payment, and our part of this contract is now completed.
"Rowland Auction Company,
By /s/ A. T. Rose."

After the sale a disagreement arose between the vendors and the purchaser about the amount of land actually sold and an attempt to compromise the difference was had, which was ineffectual. Later the Parke heirs, by way of objection to the sale, raised the question of whether Curtis Parke had been properly authorized to sell their interest in the farm. Thereafter Spurlin requested a deed and, upon refusal by the heirs to make a conveyance, entered on the land and demonstrated by his acts an intention to take physical possession of it.

Appellants filed an ejectment suit against Spurlin and, by answer and counterclaim as amended, he averred an action by which he requested specific performance by the Parke heirs.

It is argued by appellants that Curtis Parke had no authority to convey the interests of the other Parke heirs. Reliance is had on KRS 371.010 which states that no action shall be brought to charge any person upon any contract for the sale of real estate unless some memorandum thereof be in writing and signed by the parties to be charged or by their authorized agent. We have no difficulty in determining that Curtis Parke was authorized by the heirs, with the exception of Clinton Parke, to offer this property for sale. This authority was not in writing but the authority of an agent to bind his principal to a contract within this statute need not be written. Whitworth v. Pool, 96 S.W. 880, 29 Ky.Law Rep. 1104; Godsey v. Standifer, 101 S.W. 921, 31 Ky.Law Rep. 44. Every action of the heirs, with the exception of Clinton Parke, shows that Curtis Parke was acting under their authorization. They knew of the events which led up to the sale; they knew that the sale was to be held; they attended the sale and two of them, after the property had been "knocked down," congratulated Spurlin upon his purchase. No objection

was made by any of them until after the sale had been consummated. We conclude that under the facts proven, the trial court had no alternative other than to find that the authority of Curtis Parke to sell had been well established. See Monroe v. Bailey, 145 Ky. 794, 141 S.W. 412.

Appellants next contend that the memorandum from which we have quoted above fails to describe the land sufficiently so that it may be identified and located. The court properly permitted the introduction of evidence to show the surrounding circumstances at the time and the method of offering this property for sale. The advertisements of sale, as we have shown above, indicated that the farm had been subdivided and in the record is the blue print of the property that was used at the auction. A reference to it may be rewarded by all information necessary to ascertain exactly the property sold and, when this is done, little doubt exists as to the identity of the property sold.

It is well established that the auctioneer is the agent of both parties to the sale. Melheiser v. Central Trust Co. of Owensboro, 237 Ky. 757, 36 S.W.2d 377; Martin v. Mathis, 184 Ky. 20, 211 S.W. 198; Mathis v. Martin, 190 Ky. 728, 228 S.W. 431; Garth v. Davis & Johnson, 120 Ky. 106, 85 S.W. 692. The memorandum before us, when interpreted in the light of the actual facts of sale, is sufficient to charge both parties. In Montgomery v. Graves, 301 Ky. 260, 191 S.W.2d 399, 401, under an abundance of authority this statement was made:

"It is quite uniformly held that the Statute of Frauds demands a writing which itself affords a means by which the property sold can be identified, but calls for no greater certainty in the description of the subject-matter than is necessary to identify the specific property as that upon which the minds of the parties have met. It is generally regarded as sufficient if it identifies the property when it is read in the light of the circumstances of possession or ownership and of the situation of the parties when the negotiations took place and the writing was made."

We are of opinion that the judgment which ordered the conveyance of the undivided interests of Curtis Parke, Laura Parke, Mary Parke Baker and Pressure Parke is correct and it is, therefore, affirmed.