**GATEWAY AUTO AUCTION, INC., et al.,**
**Appellants,**

**v.**

**GENERAL MOTORS ACCEPTANCE**
**CORPORATION, Appellee.**

Court of Appeals of Kentucky.

Jan. 21, 1966.

S. Russell Smith, Robert H. Malone, Louisville, for appellants.

John A. Fulton, Louisville, for appellee.

MONTGOMERY, Judge.

Gateway Auto Auction, Inc., and its insurer, Georgia Casualty & Surety Company, appellants, filed an action to recover the fair market value of four automobiles alleged to have been wrongfully converted by General Motors Acceptance Corporation, appellee. The trial court entered a summary judgment in favor of GMAC on the ground that Gateway failed to prove ownership of the automobiles in question. This appeal is from the judgment entered below dismissing Gateway's complaint.

This case must be resolved and determined by the status, activities, and conduct

of Gateway Auto Auction, Inc., of Louisville, Billington Downs Used Cars, of Murray, Bob Calvin Oldsmobile, Inc., of Seymour, Indiana, and Robert Lawrence Auto Sales, hereinafter referred to as Gateway, Billington Downs, Calvin, and Lawrence, respectively.

Gateway has conducted an automobile auction service in Louisville for a number of years. Its chief service is to make sure that the seller of an automobile is paid the promised purchase price and that the buyer gets good title to the vehicle purchased. For this service it charges a small commission.

Immediately prior to the occurrence of the events out of which this action arose, Billington Downs owned the four automobiles in question; namely, a 1953 Oldsmobile, a 1954 Chevrolet, a 1957 Mercury, and a 1956 Chevrolet.

On September 17, 1957, Lawrence, an employee of Billington Downs, brought a number of automobiles owned by Billington Downs, including the four in question, to Louisville for auction. These cars had been purchased in Michigan and Lawrence was in possession of the title papers which showed Billington Downs was the owner. The automobiles were parked and kept in the possession of Gateway. Gateway gave its check of $5,165 to Lawrence in payment of the four cars. This check was endorsed by Lawrence and also by Billington Downs. No issue is being raised by Billington Downs that Lawrence was its agent or that it had not been paid for the cars in question. In addition, there were other cars that were also purchased. . These cars were sold by Gateway to Calvin for the sum of $5,225.

Lawrence executed before Thelma Westerman, the office manager and notary public for Gateway, a separate bill of sale for each of these cars on forms required by the Kentucky License Statute. Lawrence signed the name of Billington Downs to the bills of sale and, underneath, wrote his own name. Gateway then gave its check to

Lawrence for these and other cars purchased from Billington Downs on September 17, 1957. This check was endorsed by both Lawrence and Billington Downs and cleared the Louisville bank on which it was given on September 19, or two days later. On the same day of the purchase Gateway gave Calvin two documents with respect to each of the cars in question. One was a bill of sale of motor vehicles required by the Kentucky License Statute, KRS 186.190 and 186.200. In these bills of sale the name of Calvin had been inserted as the direct vendee of Billington Downs. The other title paper was Gateway's printed title warranty and bill of sale. Each of these warranties and bills of sale described with particularity each of the four automobiles in question and warranted that the title was in Gateway and that title would not pass to Calvin until the check he gave for them had been paid.

The check for $5,225 was given by Calvin on September 17, the date of the sale, on the Seymour Bank, showing on its face that it was for the automobiles in question. This check was dishonored by the Seymour Bank for "insufficient funds" and returned to Gateway on September 24.

These cars, with others, were placed on the garage floor of Calvin at Seymour, Indiana, who executed a floor plan mortgage upon two of them for $2,902 to GMAC, who, in turn, mailed a check to Calvin in the sum required by the mortgage. On the following day, September 19, Calvin notified GMAC that he was in financial difficulty. GMAC agents, on the following day, intercepted the $2,902 check and required Calvin to endorse it and deliver it back to them and took possession of the four cars in question. Immediately the four cars in question were sold to purchasers who had no knowledge of the conditional sales contract between Calvin and Gateway. The amount realized was applied on prior debts that Calvin owed GMAC.

The court below based its judgment on the premise that these cars were never li-

censed in the name of Gateway and that Gateway was never the owner of them and thus could not maintain an action against GMAC for their conversion. Gateway contends that the license registration or bill of sale of an automobile is not conclusive evidence of ownership and may be rebutted. Reliance is placed on the Uniform Sales Act, KRS 361.030, in effect at the time of the transaction and prior to the effective date of the Uniform Commercial Code. Reliance also is placed on a number of cases, including Bevins v. Ford, 302 Ky. 346, 194 S.W.2d 657, wherein cases are collected and the rule is stated thus:

"The weight to be given to a bill of sale of motor vehicles, as against one asserting title in opposition thereto, has been before this court in a number of cases, * * *. (Citations omitted) In each of them we held that the bill of sale was not conclusive on the question of title and ownership of the vehicle, and that the title of the one to whom the bill of sale was issued might be impeached by parol testimony clearly showing that the title was actually in another. * * *"

The facts are not in conflict. Each party moved for a summary judgment. No meritorious reason is advanced as to why this is not a proper case for summary judgment. CR 56.03.

■ As stated in Bevins v. Ford, above, a bill of sale may be impeached by parol evidence "clearly showing" title in another. The evidence shows that paper title to the cars was transferred by Billington Downs by its employee, Lawrence, to Calvin. The bills of sale were so executed before the office manager and notary public of Gateway. The difference in the check of $5,165 given by Gateway to Billington Downs for the four cars and in the check of $5,225 received by Gateway from Calvin is $60, four times the fee of $15 charged by Gateway for handling the sale on a single car. The latter check was dishonored and Calvin entered bankruptcy.

■ It is true that Gateway gave Calvin its printed "Title Warranty and Bill of Sale" for each car in which the automobile sold was described. It contained a warranty of title and sought to retain a lien. However, these documents referred to Lawrence, who never had any paper title, as the transferring owner while the title to the cars was in Billington Downs for whom Lawrence was acting. The execution of the bills of sale from Billington Downs to Calvin simultaneously with the execution of the Gateway title warranties refutes the idea that Gateway had any title and shows that Gateway recognized the title to be in Billington Downs. The nature of Gateway's business, that of auction service, also refutes the idea of its taking or holding title. Ordinarily one who engages in an auction service does so as an agent. Becker v. Crabb, 223 Ky. 549, 4 S.W.2d 370; Parke v. Spurlin, Ky., 268 S.W.2d 33.

■ In an action for conversion the burden is upon the plaintiff, Gateway here, to establish title. Fightmaster v. Beasly, 30 Ky. (7 J. J. Marshall) 410; Commercial Credit Corporation v. W. E. Caldwell Company, Ky., 279 S.W.2d 803. Under the circumstances it is concluded that Gateway has failed to show clearly any title to impeach the title transferred to Calvin by Billington Downs under which GMAC claims. Summary judgment in favor of GMAC was correctly granted. It is unnecessary to discuss other questions raised.

This case is not to be confused with the common occurrence when the owner of a car delivers a bill of sale in blank in so far as the vendee is concerned and the automobile dealer subsequently inserts the name of the person to whom he sells as vendee.

Judgment affirmed.